Timothy RUDOLPH,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 84–3427

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1984.

Timothy Rudolph, pro se.

Wm. R. Campbell, Jr., Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

This is an appeal from the district court's dismissal of appellant's successive petition for habeas relief under 28 U.S.C. § 2254. We affirm.

This *pro se* appeal concerns Timothy Rudolph's second federal habeas petition, which sets out grounds for relief different than those raised in his first federal petition. In this case, appellant alleges that the state trial court erred when it declined to order the prosecution to comply with a defense *Brady* request seeking information about the state district attorney's initial refusal of charges of armed robbery against appellant.[1] This *Brady* issue was raised neither on direct appeal to the state supreme court, nor in appellant's first federal habeas petition.

The district court dismissed this petition on two grounds. First, on the merits, the court found nothing in the trial record, or in circumstances surrounding the armed robbery victim's identification of Rudolph in a lineup following his re-arrest,[2] to compel the conclusion that the trial court erred in denying the *Brady* motion. Second, the district court ruled that appellant was guilty of abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254, Rule 9(b), reasoning that Rudolph knew of the facts upon which his *Brady* claim was predicated, and of that claim's legal significance, at the time of his prior federal petition. Appellant filed timely notice of appeal, and the district court issued a certificate of probable cause. We agree with the district court that the appellant is guilty of abuse of the writ, and accordingly we affirm that court's dismissal of Rudolph's petition.

1. Appellant was released from jail following his nonidentification in four separate lineup procedures. Appellant made a pretrial *Brady* request for any exculpatory material relating to this "refusal of charges," which the trial court declined to order, based on a finding that the district attorney's initial refusal of charges was made on a purely procedural basis and that there was no exculpatory material involved.

2. The victim in the robbery, a store clerk named Liddell Bickham, identified Rudolph as the culprit from a set of "mug shot" photographs shown to him by police shortly after the robbery. He also was able to identify appellant as an occasional customer known as "Tim." Bickham later identified Rudolph in a lineup following Rudolph's re-arrest. Bickham testified at trial and in a pretrial hearing as to all these matters. Bickham testified, in effect, that he was not present at the lineups which occurred prior to appellant's re-arrest; appellant does not claim otherwise.

## I.

Appellant Rudolph was arrested on February 22, 1973, for the January 28, 1973 armed robbery of a grocery store in New Orleans. He participated in four corporal lineups,[3] but was subsequently released on March 16, 1973, following the district attorney's refusal of charges against Rudolph at that time. On April 11, 1973, Rudolph was re-arrested in connection with a rape-murder. Charges against him for this crime were subsequently dropped, but while in custody Rudolph participated in yet another lineup, and was identified by the victim of the armed robbery. The victim was not present at the previous lineups. On April 26, 1973, a Bill of Information charged Rudolph with armed robbery. Trial by jury was had in November 1974, and the jury returned a verdict of guilty to the charge of armed robbery. On December 18, 1974, Rudolph was sentenced to sixty years' hard labor. On appeal, the Louisiana Supreme Court affirmed the conviction and sentence on May 17, 1976. *State v. Rudolph*, 332 So.2d 806 (La.1976).

Rudolph then filed his first federal habeas petition, raising issues identical to those raised and ruled upon in his state appeal. The federal district court denied this petition on August 28, 1979.

Petitioner returned to state court, seeking habeas relief there under his previously unraised *Brady* claim. The sentencing court denied his habeas petition on February 19, 1982; the Louisiana Supreme Court affirmed without opinion on November 29, 1982.

Petitioner then returned to federal court, raising this same *Brady* claim in this his second federal habeas petition. Relief was denied by the district court for the Eastern District of Louisiana on April 17, 1984, on two grounds: It determined that the merits of the case warranted no relief, and concluded that petitioner's failure to raise his *Brady* claim in his first federal petition constituted an inexcusable abuse of writ under Rule 9(b) of the Rules Governing Section 2254 Proceedings. Rudolph timely filed notice of appeal and sought a certificate of probable cause, which the district court granted on June 12, 1984.

Appellant was represented by counsel at trial and in his direct appeal to the Louisiana Supreme Court. The issue that Rudolph raises in this second federal petition was raised in pretrial motions in the proceeding on which he was initially convicted. The defense requested information about the district attorney's refusal of charges following Rudolph's "nonidentification" in the four earlier lineups. The trial court's initial reaction to this request was to order disclosure by the district attorney's office. Following objection by the prosecution, however, and a conversation which Rudolph now alleges was improperly held as an *ex parte* communication, the trial court indicated its intention to reverse that initial ruling. Defense counsel objected, and much discussion followed, during which defense counsel conceded that he would be bound by the judge's decision following an *in camera* examination of the prosecution's reasons for charge refusal and of materials relating to this *Brady* request. Following such an examination, the judge declined to order the prosecution to provide such material, characterizing it as containing no exculpatory matter and the district attorney's initial refusal of charges as having been predicated on reasons that were purely procedural.[4] The matter was not raised on direct appeal of the conviction, nor in appellant's first federal habeas petition.

---

**3.** Testimony indicated that it was common practice to place robbery suspects into a variety of lineups concerning other, unsolved robberies, to see if any of the victims could make positive identifications.

**4.** Appellant's counsel did not object at this time. The matter was raised again briefly at trial, when defense counsel attempted to have the prosecution stipulate as to the initial refusal of charges by the district attorney's office following the four nonidentification lineups. The prosecution refused to so stipulate, and defense counsel then objected.

## II.

█ Rule 9(b) of the Rules Governing Section 2254 Proceedings provides that

"[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

The purpose of the Rule is to avoid piecemeal litigation, with petitioners advancing claims one at a time. *See Sanders v. United States*, 373 U.S. 1, 17–18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963); *Sinclair v. State*, 679 F.2d 513, 516 (5th Cir.1982); *Haley v. Estelle*, 632 F.2d 1273, 1275 (5th Cir.1980). The abuse of writ doctrine does not apply where the petitioner could not reasonably have known of pertinent facts or of their legal significance at the time of a prior petition. *Haley*, 632 F.2d at 1275.

In his brief on appeal, appellant asserts that his failure to include the *Brady* claim in his prior federal petition was excusable. He justifies it on the grounds that *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), which requires dismissal of petitions containing both claims which are exhausted and claims which are not exhausted in state court, precluded him from raising the *Brady* claim in the first federal petition. Thus, Rudolph's sole excuse for not having raised this *Brady* claim in his first federal petition is that it was an unexhausted claim, and that he knew that to include it in his habeas petition would result in the dismissal of that petition.

█ This Circuit's recent en banc opinion in *Jones v. Estelle*, 722 F.2d 159 (5th Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984), controls this appeal. This Court there held that "the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission."

*Jones* at 168. The rationale for this decision was the conclusion by this Court that a contrary rule would frustrate the holding of *Rose v. Lundy* by encouraging piecemeal litigation. *Id.* Rudolph's unexhaustion excuse is inadequate as a matter of law.

## III.

█ The state properly raised the issue of abuse of the writ, affirmatively alleging such abuse, showing petitioner's prior writ history, and indicating those claims which are new and those which the petitioner failed to raise in his initial federal petition. *Jones*, 722 F.2d at 164. Where the state has properly raised the matter of abuse of the writ, the petitioner then has the burden of proving by a preponderance of the evidence that he is not guilty of abuse. *Id.* (citing *Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948)). A petitioner can prove that he has not abused the writ by showing that, for example, new facts have arisen since his prior petition, or that the law has changed in some substantive manner in the interim period. *Id.* at 169. The relevant standard of inquiry is "not whether the petitioner intended to give up his right to have a claim heard ... [but] whether he withheld it without legal excuse" in an earlier petition. *Id.* at 163.

Rudolph has made no assertion that he was unaware at the time of his earlier petition of the facts upon which he now relies or of their significance.[5] Indeed, his current petition affirmatively indicates that he was aware of the importance of this *Brady* issue at the time of his trial, and certainly at the time of his first petition. First, he alleges that a jail guard told him during the time of his first incarceration that he would be released because nobody had identified him in the lineups in question. Second, the record clearly indicates that Rudolph's trial counsel was aware of the importance of the *Brady* issue, having raised it in a pretrial hearing and again at

---

**5.** *Cf. Vaughan v. Estelle*, 671 F.2d 153 (5th Cir. 1982) (where *pro se* habeas petitioner was ignorant of the legal significance of an issue, excusable failure to raise the issue in an initial habeas petition is possible). *But see Jones v. Estelle*, 722 F.2d 159, 164, 169 (5th Cir.1983) (en banc) (petitioner must *prove* "excuse").

trial. It also shows that his trial counsel agreed to abide by the trial judge's *in camera* determination of whether the materials sought would reveal exculpatory information.[6] Where represented by counsel, at least where no allegation and showing of that counsel's incompetence have been made, a petitioner is usually bound by his counsel's decision regarding trial tactics and matters raised on appeal. *Jones,* 722 F.2d at 165. Rudolph makes no allegation that his trial or appellate counsel was incompetent, nor does the record so suggest. Third, the habeas petition form that Rudolph used in his first federal petition clearly states that failure to raise all issues may result in a bar to the raising of future habeas claims. Fourth, the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), has not changed since the time of Rudolph's first federal petition. Finally, the proffer of nonexhaustion as an excuse for not including this *Brady* claim in the first petition, admitted to be for the purpose of avoiding dismissal of a mixed claim, itself shows that Rudolph knew of the issue's significance, *and that he intended to raise it in another federal petition.*

It is clear from the facts, and by appellant's admission in his brief on appeal, that his only excuse for not having raised this *Brady* issue in his first federal petition is that the issue was not then exhausted in the state courts, and that he sought to avoid dismissal of a "mixed" habeas petition by the federal court.[7] Rudolph, having chosen not to wait until all of his claims were exhausted in state court so that he might present them in one federal petition, was therefore guilty of abuse of the writ as alleged by the state. The district court properly dismissed this successive federal petition under Rule 9(b).

**IV.**

■ A petitioner accused of abuse of the writ must be given a reasonable opportunity to rebut the state's claim of abuse. *Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir.1982). An evidentiary hearing is not required, however, where "the district court determines as a matter of law that petitioner has no chance of justifying the successive petition." *Jones,* 722 F.2d at 164 (citing *Vaughan,* 671 F.2d at 154 n. 6). Rudolph does not complain on this appeal (and did not complain below) that the district court did not afford him a hearing in which to present an excuse for his successive petition, and to defend himself from the state's charge of abuse of the writ. *See Jones v. Estelle,* 692 F.2d at 384–85 (district court must notify petitioner of potential dismissal and provide an opportunity to respond). Moreover, appellant has not suggested that he has any excuse other than nonexhaustion of his *Brady* claim at the time of the first petition. The present petition and the arguments in appellant's brief on appeal reflect that he was aware both of the factual basis and of the legal importance of this *Brady* claim at the time of his first petition. *See Batiste v. Burke,* 746 F.2d 257 (5th Cir.1984) (Fed.R.Civ.P. 12(b) requirement of reasonable opportunity to respond waived where appellant "neither objected below nor raised [on appeal] the spectre of an inadequate hearing"). Like the court in *Batiste,* we decline to raise the matter here *sua sponte,* reserving such a procedure for exceptional circumstances. *Batiste,* n. 2. *See also United States v. Johnson,* 718 F.2d 1317, 1325 n. 23 (5th Cir.1983) (en banc).

Moreover, the robbery victim never *failed* to identify Rudolph as the robber;

---

**6.** The trial court, after an *in camera* discussion with the prosecution, expressly determined that the materials sought in appellant's pretrial *Brady* request [No. 22, Bill of Particulars] did not contain exculpatory material, and refused the *Brady* request. The trial judge characterized the district attorney's refusal of a charge following Rudolph's first arrest as purely procedural. *See Sumner v. Mata,* 449 U.S. 538, 544–547, 101 S.Ct. 764, 767–69, 66 L.Ed.2d 722 (1981); *Dunn v.*

*Maggio,* 712 F.2d 998, 1000–01 (5th Cir.1983); *Sloan v. Estelle,* 710 F.2d 229, 232 (5th Cir.1983); 28 U.S.C. § 2254(d).

**7.** We do not decide whether the knowledge and legal comprehension of a *pro se* petitioner is measured by an actual knowledge or by a constructive knowledge standard. *See Jones,* 722 F.2d at 163 n. 3.

the victim did not participate in any of the four "nonidentification" lineups that are the subject of Rudolph's *Brady* claim. He in fact identified Rudolph from "mug shots" provided by police soon after the robbery; he knew and recognized Rudolph as an occasional customer named "Tim" at the time of the robbery; he picked Rudolph out of a lineup; and he identified Rudolph in open court. Rudolph maintains that the judge was unduly and falsely influenced during an allegedly *"ex parte"* conversation with the prosecution. But he offers no facts to support that conclusion, and he overlooks the fact that his trial counsel agreed to the *in camera* discussion between the judge and prosecutor. There are simply no matters raised in Rudolph's petition or on appeal that require further factual development in an evidentiary hearing. The record reflects that the determination that Rudolph abused the writ was proper as a matter of law.

For these reasons, the district court's dismissal of Rudolph's second federal habeas petition with prejudice, for abuse of the writ, is affirmed.

AFFIRMED.