Ernest DANIELS, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary and William Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.

No. 84–3705

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 20, 1985.

Ernest Daniels, pro se.

Harry Connick, William R. Campbell, Jr., New Orleans, La., for respondents-appellees.

Before GEE, REAVLEY, and RANDALL, Circuit Judges.

PER CURIAM:

Ernest Daniels is serving a 99-year sentence for armed robbery in the Louisiana State Penitentiary at Angola. In this case, he seeks a writ of habeas corpus under 28 U.S.C. § 2254. In 1982, we affirmed the dismissal of a prior petition for federal habeas relief. *See Daniels v. Maggio,* 669 F.2d 1075 (5th Cir.), *cert. denied,* 459 U.S. 968, 103 S.Ct. 295, 74 L.Ed.2d 278 (1982). The district court dismissed the instant petition for abuse of the writ because Daniels did not offer a valid explanation for having failed to raise his current claims in his prior habeas case. Again, we affirm.

## I.

Res judicata principles do not apply in habeas corpus proceedings. *See Sockwell v. Maggio,* 709 F.2d 341, 343 (5th Cir.1983). It is established, however, as a general rule, that the piecemeal presentation of post-conviction attacks on confinement cannot be tolerated; consideration of the merits of successive petitions for habeas relief must be limited to those cases in which there is a good reason for the petitioner's failure to raise all of his claims at one time. *See Rudolph v. Blackburn,* 750 F.2d 302, 305 (5th Cir.1984). Rule 9(b) of the Rules Governing Section 2254 Cases provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for

relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The issue in this case is whether Daniels' presentation of claims in his current petition, because they were not raised in his prior petition, constitutes an abuse of the writ. Before addressing the specifics of Daniels' case, we shall briefly review the substantive and procedural principles that govern this issue. The proper inquiry in determining whether a habeas petitioner has abused the writ by failing to raise claims in a prior habeas petition is not whether the petitioner intended to waive the claims, but "whether he withheld them without legal excuse." *Jones v. Estelle*, 722 F.2d 159, 163 (5th Cir.1983) (en banc), *cert. denied,* —— U.S. ——, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). Legal excuse exists if "new claim[s] [are] based on facts or legal theories about which [the petitioner] had no knowledge when prosecuting his prior habeas petition." *Id.; see also Rudolph,* 750 F.2d at 305. "A petitioner can prove that he has not abused the writ by showing, for example, [that] new facts have arisen since his prior petition, or that the law has changed in some substantive manner in the interim." *Rudolph,* 750 F.2d at 305. We have not decided the question whether, in evaluating an abuse of the writ claim, the district court should consider a pro se petitioner's actual knowledge when he filed his first petition or his constructive knowledge. *Rudolph,* 750 F.2d at 306 n. 7; *Jones,* 722 F.2d at 163 n. 3. We have decided, however, that, if the petitioner was represented by counsel during a prior habeas proceeding, the district court should, in evaluating an abuse of the writ claim, consider the "knowledge chargeable to ... competent habeas counsel." *Jones,* 722 F.2d at 167 ("When petitioner was represented by competent counsel in a fully prosecuted writ he cannot by testimony of personal ignorance justify the omission of claims when awareness of those claims is chargeable to competent

counsel."). If the competence of counsel in the prior habeas proceeding is not challenged in the subsequent one, the "awareness that a competent lawyer would have possessed" is imputed to the petitioner for purposes of evaluating the reasons proffered for foregoing the presentation of newly asserted claims. *Id.* at 169.

## II.

Abuse of the writ may be pleaded by the state or raised by the district court sua sponte. *See Sockwell v. Maggio,* 709 F.2d at 344. Once the issue has been raised, the petitioner " 'has the burden of answering that allegation and of *proving ... by a preponderance of the evidence that he has not abused the writ.' "* *Jones,* 722 F.2d at 164 (quoting *Price v. Johnston,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948)) (emphasis supplied by *Jones* ). The petitioner is not necessarily entitled to an evidentiary hearing at which to prove that he has not abused the writ. At a minimum, however, the petitioner must (1) be "notified specifically of the fact that the court [is considering] ... final disposition of the case" and (2) afforded at least ten days in which "to explain [in writing] ... why he failed to raise new grounds in a prior petition." *Jones v. Estelle,* 692 F.2d 380, 384–85 (5th Cir.1982) (incorporating Rule 56, Fed.R.Civ.P., procedures for use in Rule 9(b) cases). The form appended to Rule 9(b) gives the petitioner adequate notice of the possibility of summary dismissal and of his obligation to respond and to justify the filing of the successive petition. *Id.* A case may be summarily dismissed if, based upon the petitioner's written response to notice that a Rule 9(b) dismissal is being considered, "the district court determines as a matter of law that petitioner has no chance of justifying the successive petition." *Jones,* 722 F.2d at 164. "If, [however,] the evidence provided by the parties is inconclusive or if the proof made discloses any genuine issue of material fact, the court must refuse a summary ruling and instead hold an evidentiary hearing to determine

the actual facts." *Jones,* 692 F.2d at 385. We review the district court's determination of these issues for abuse of discretion. *Jones,* 722 F.2d at 169.

### III.

The district court did not abuse its discretion in summarily dismissing Daniels' petition. We note first that the procedural rules for summarily dismissing a successive habeas petition were scrupulously observed in this case. Daniels' petition was filed on March 20, 1984. The state responded on May 30, 1984, and raised the abuse of the writ issue. A magistrate informed Daniels on the form appended to Rule 9(b) that his petition would be considered for Rule 9(b) dismissal. The notice sent to Daniels specifically informed him of the magistrate's view that Daniels "was clearly aware of the facts and law giving rise" to his current claims at the time he filed his first habeas petition. Daniels was afforded an opportunity to respond and, in fact, on July 16, 1984, presented a written justification for the successive petition. On August 9, 1984, the district court dismissed the petition without an evidentiary hearing after specifically finding that "there is no genuine issue of fact" and that, as a matter of law, Daniels' explanation established that he "either deliberately withheld these grounds from his previous petition or was inexcusably neglectful." Because the procedures followed by the magistrate and the district court were entirely proper, the only issue before us is whether the district court erred in determining that Daniels' response to the magistrate's Rule 9(b) notice was inadequate as a matter of law.

To evaluate this issue, a brief review of Daniels' attempts at post-conviction relief is necessary. On direct appeal in the state-court system, Daniels raised six assignments of error: (1) Daniels was denied a transcript of closing argument which prejudiced his ability to assert a claim that the prosecution made prejudicial and inflammatory remarks; (2) Daniels did not effectively consent to the participation of law stu-

dents in his defense; (3) the jury panel was not selected by lot in open court; (4) the trial judge erred in permitting defense witness Tyrone Simpson to assert his fifth amendment privilege and to refuse to testify on Daniels' behalf; (5) the trial judge unduly restricted impeachment of two prosecution witnesses; and (6) trial counsel provided ineffective assistance. All of these assignments of error were rejected by the Louisiana Supreme Court. *See State v. Daniels,* 346 So.2d 672 (La.1977).

After his conviction was affirmed, Daniels sought habeas relief, on May 1, 1979, in the state trial court. He was represented by counsel during this proceeding in which his sole allegation was that he received ineffective assistance of counsel at trial. Daniels' defense had been conducted primarily by two law students who were supervised by a licensed attorney. The ineffective assistance of counsel claim was premised on (1) the decision by the law students and the supervising attorney to present evidence from a defense witness by affidavit rather than by live testimony and (2) the general claim that extensive participation by unskilled law students with the aid of a supervising attorney who was inexperienced in criminal matters provided Daniels with an inadequate defense. An evidentiary hearing was held on these claims on June 15, 1979, and relief was denied by the trial court on June 29, 1979. The Louisiana Supreme Court denied review.

On April 3, 1980, Daniels, who was represented by the same attorney who handled the state habeas proceeding, filed a petition for habeas relief in federal district court. The petition alleged ineffective assistance of counsel based again upon the general claim that the law students lacked the skill and experience to present adequately the defense and upon four specific errors allegedly committed at trial: (1) the presentation of the defense witness' testimony by affidavit; (2) the failure to insist on further inquiry by the trial judge when Tyrone Simpson invoked his fifth amendment privilege; (3) the failure to cross-examine ade-

quately certain prosecution witnesses;[1] and (4) the failure to object in a timely manner to jury selection procedures. The district court denied relief, and we affirmed. *See Daniels v. Maggio*, 669 F.2d 1075 (5th Cir.), *cert. denied*, 459 U.S. 968, 103 S.Ct. 295, 74 L.Ed.2d 278 (1982).

In 1983, Daniels again sought habeas relief in the state-court system. He alleged five grounds for relief: (1) the trial court erred by failing to suppress the identification of Daniels by two prosecution witnesses; (2) the trial court erred by allowing Tyrone Simpson to invoke his fifth amendment privilege; (3) the trial court improperly restricted cross-examination of the same two prosecution witnesses; (4) the prosecution made a prejudicial and inflammatory closing argument; and (5) the trial court erred by allowing the prosecution to make use at trial of inculpatory statements made by Daniels. Relief was denied by the trial court on April 5, 1983, and by the Louisiana Supreme Court on February 3, 1984.

As noted, Daniels filed the instant petition for federal habeas relief on March 20, 1984. He alleges four grounds for relief, with respect to which state remedies were exhausted in the 1983 habeas proceeding:[2] (1) the state trial court erred in denying Daniels' motion to suppress his identification by two prosecution witnesses; (2) Daniels was deprived of a fair trial by prejudicial remarks made by the prosecution during closing argument; (3) the state trial court erred by unduly restricting impeachment and cross-examination of the prosecution witnesses; and (4) the state trial court erred in permitting Tyrone Simpson to invoke his fifth amendment privilege.

Daniels alleged in the district court that he did not raise these four claims in the prior federal habeas proceeding because he was not then aware of the facts underlying them. He explained his ignorance on the

grounds that (1) he is a layman with no legal training; (2) he did not receive a transcript of his state court trial until after his prior habeas petition was filed; and (3) he relied, in presenting his first federal habeas petition, on his attorney, who "did not think that [the new claims] were needed." In rejecting this explanation as a matter of law, the district court found that Daniels was obviously aware of the facts and law giving rise to the claims relating to Simpson's invocation of the fifth amendment privilege, the cross-examination of prosecution witnesses, and the prosecution's purportedly prejudicial and inflammatory closing argument because "these assertions coincide[ ], in part, with the original assignments of error and the grounds upon which his direct appeal was based." With respect to the claim that the motion to suppress Daniels' identification was erroneously denied, the district court stated, presumably because Daniels attended both the pretrial hearings and the trial, that Daniels "was well aware of the adverse determination of his motion to suppress and the grounds upon which the motion was based."

## IV.

Although we agree with the district court's ultimate decision to dismiss, we note first that it does not necessarily follow that, because a claim has been raised on direct appeal by counsel or because a habeas petitioner was present at a trial proceeding at which a claim was rejected, the petitioner had sufficient actual knowledge of the claim to be able to raise it in a federal habeas petition. While these circumstances may be sufficient to charge a habeas petitioner with constructive knowledge, we have expressly left undecided the question whether constructive knowledge of a claim when a habeas petition is filed will preclude its assertion in a subsequent petition.

---

1. This claim involves the same cross-examination of the same prosecution witnesses about which Daniels complained on direct appeal.

2. Daniels does not argue that these claims were withheld from in the prior federal habeas case

because they were unexhausted. At any rate, we held in *Jones*, 722 F.2d at 169, that lack of exhaustion is not a sufficient justification, for abuse of the writ purposes, for failing to raise a claim during a prior habeas case.

Again, we need not decide the constructive knowledge issue. As noted, Daniels was represented by counsel during his prior habeas proceeding. As we made clear in *Jones*, this fact changes the analysis of Daniels' successive petition.

■ Each of the claims that Daniels has asserted in this proceeding is a claim of which competent habeas counsel would have been aware at the time Daniels' prior federal petition was filed in 1980. In fact, the circumstances surrounding Simpson's claim of privilege and the purportedly inadequate cross-examination of prosecution witnesses were expressly raised by counsel in the first federal case as examples of ineffective assistance; counsel was obviously aware of these claims and simply chose not to present them as independent grounds for relief. Moreover, these two grounds for relief, as well as the claim that the prosecution's closing argument was inflammatory, were expressly raised on direct appeal.[3] In addition, suppression of the identification was the subject of a pretrial motion to suppress on which the trial court held an evidentiary hearing. It is manifest that, in preparing Daniels' first habeas petition, a competent lawyer would have become aware of each of these grounds for relief. None of the claims is dependent on new legal principles or on newly discovered facts that have arisen since the first petition was filed. Even a cursory review of the record as it existed at the time of the first petition would have revealed the predicate for each of these claims.

In *Jones*, we recognized that there is no constitutional right to the assistance of counsel in a collateral attack on a conviction. We held, however, that, if a habeas petitioner is represented by competent counsel, his attorney's decision to withhold claims will preclude their assertion in a subsequent petition unless the petitioner establishes that counsel was incompetent. We noted further that, for purposes of this analysis, the effectiveness of counsel's performance should be evaluated by the same standards that govern the constitutional inquiry into the effectiveness of counsel at a criminal trial. Finally, we stated that we will not presume that counsel was incompetent or ineffective simply because he failed to raise a claim in a prior habeas proceeding: "It does not follow that incompetence of counsel is necessarily established by omission of a claim." *Jones*, 722 F.2d at 167. In this case, Daniels did not allege in the district court that habeas counsel was incompetent or ineffective.[4] Rather, he claims that he was unaware of the factual and legal basis for his claims until he was provided with a trial transcript after the first habeas petition was filed. Even if Daniels could prove, at an evidentiary hearing, the personal ignorance that he has asserted, "that [proof] would not be enough because [Daniels] is chargeable with that awareness that a competent lawyer would have possessed." *Jones*, 722 F.2d at 169. The district court could have concluded as a matter of law that Daniels' lawyer, if competent, would have been aware of each of the claims that Daniels has asserted in this case.

## V.

For the reasons set forth above, the judgment of the district court dismissing Daniels' habeas petition is affirmed.

AFFIRMED.

---

3. The inflammatory argument claim was not expressly addressed in the Louisiana Supreme Court's opinion, apparently on the ground that, with respect to this claim, error had not been preserved. 346 So.2d at 674 n. 1. The precise claim that Daniels makes in the instant habeas petition, however, was clearly raised in assignment of error number one.

4. Daniels did allege generally in the district court that he relied on his attorney's decision that it was not necessary to present any claims in the prior habeas case other than the ineffective assistance claim. He did not, however, attack the competence of counsel in making that decision. Daniels does make claims on appeal that, liberally construed, amount to an attack on the competence of counsel. These allegations come too late. *See, e.g., French v. Estelle*, 696 F.2d 318, 319–20 (5th Cir.1982), *cert. denied*, 461 U.S. 937, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983).