**Edward Earl JOHNSON**

v.

**Donald CABANA, Acting Commissioner of the Department of Corrections.**

**Civ. A. No. J87-0277(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

May 19, 1987.

See also —— So.2d ——.

Robert B. McDuff, Lawyers' Committee for Civil Rights under Law, Washington, D.C., Clive A. Stafford Smith, Atlanta, Ga., for petitioner.

Marvin White, Asst. Atty. Gen., Jackson, Miss., for Cabana.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

Edward Earl Johnson was convicted by a Leake County jury in 1980 for the capital murder of Town Marshal J.T. Trest, and at a subsequent sentencing hearing the jury imposed a sentence of death.[1] Johnson has exhausted previous appeals and habeas petitions and the sentence of execution is to be carried out on May 20, 1987, at 12:01 a.m.

This matter is now before the Court on a second federal habeas corpus petition.[2] Petitioner Johnson has requested a stay of execution. A stay of execution normally should issue if the merits of the petition cannot be satisfactorily considered in the time available. *Dobbert v. Strickland,* 670 F.2d 938, 940 (11th Cir.1982). The Petitioner enumerates these issues in his second habeas petition:

1. Counsel at trial rendered ineffective assistance based on failure to present mitigating evidence of mental impairment, failure to present mitigating evidence of Johnson's background, wrongfully advising Johnson about a plea bargain, failure to appear at two hearings, misstating Johnson's age in closing arguments, and failure to include all arguments in closing arguments within the allowed time;

2. Johnson's present mental incompetence or insanity would render an execution cruel and unusual punishment;

3. A jury instruction at the penalty phase unconstitutionally shifted the burden of proof to the Petitioner;

4. One juror had a substantial reason to favor the prosecution;

5. The conviction and sentence were secured by use of a statement taken without counsel present;

6. It is an Eighth Amendment violation to impose the death sentence on a person who was 18 years old at the time

---

1. The factual background of Johnson's conviction and the framework of previous appeals and habeas petitions are set forth in prior opinions and will not be repeated here. *See Johnson v. Thigpen,* 623 F.Supp. 1121 (S.D.Miss.1985) and *Johnson v. Thigpen,* 806 F.2d 1243 (5th Cir. 1986); *see also Johnson v. Thigpen,* 449 So.2d 1207 (Miss.1983); *Johnson v. State,* 416 So.2d 383 (Miss.1982).

2. The Court terms this a "second" petition although it is in fact the third one Johnson has filed with this Court. The initial petition for federal habeas relief was dismissed without prejudice for failure to exhaust state remedies. The first habeas petition to be considered on the merits was that considered in the opinion rendered December 13, 1985. *See Johnson v. Thigpen,* 623 F.Supp. 1121 (S.D.Miss.1985).

of the crime and too young to sit on a jury;

7. The Mississippi capital statute in force at the time of Johnson's trial was facially unconstitutional.

The Petitioner has presented these same issues to the Mississippi Supreme Court for post-conviction collateral relief and the state court has denied that relief. *Johnson v. State,* —— So.2d —— No. DP–16, Slip Op. (Miss.1987). Thus, Johnson has come to the federal court for federal habeas relief.

Successive or second habeas petitions are governed by 28 U.S.C. § 2254 and Rule 9(b) of the Rules Governing Section 2254 cases. Rule 9(b) provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

This rule codifies the holding of the United States Supreme Court in *Sanders v. United States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963).

■ In regard to the doctrine of "abuse of the writ," the United States Court of Appeals for the Fifth Circuit has recently stated:

If a petitioner has filed one or more previous petitions, the petitioner's subsequent petition may be dismissed if it fails to allege any new grounds for relief. It may also be dismissed if the judge finds that the new grounds that were alleged should have been asserted in an earlier petition and that the present petition constitutes "an abuse of the writ." Rule 9(b) of Rules Governing Section 2254 cases. Even so, a petitioner may assert a new claim in a successive petition so long as it is "based on facts or legal theories about which [the petitioner] had no knowledge when prosecuting [the petitioner's] prior habeas petition."

*Urdy v. McCotter,* 773 F.2d 652, 655 (5th Cir.1985) (citations omitted). A claim of abuse of the writ may be pleaded by the state or raised by the federal district court *sua sponte. Id.; Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.1985).

This Court is faced with a second habeas corpus petition which the state challenges as "abuse of the writ." The Court must now determine whether the issues Petitioner attempts to litigate are based on facts or legal theories about which Petitioner of his counsel had no knowledge when prosecuting his prior habeas petition.

The Petitioner asserts that ineffective assistance of counsel at trial was in violation of his rights as secured under the Sixth, Eighth and Fourteenth Amendments. In support of this claim the Petitioner contends that trial counsel did not present evidence at trial of Johnson's mental impairment or his family background as mitigating circumstances in the sentencing phase. The Petitioner urges this Court to consider the recent opinion in *Wilson v. Butler,* 813 F.2d 664 (5th Cir.1987), in which the Fifth Circuit held that the petitioner had made a sufficient showing to warrant an evidentiary hearing on the issue of whether trial counsel rendered ineffective assistance for not investigating the defendant's background and for not presenting evidence of deficient mental capacity in the guilt and sentencing phases of trial. Petitioner Johnson contends that trial counsel erroneously assumed that such evidence would not be admissible if it did not fall within the mitigating circumstances as enumerated in the capital sentencing statute. Petitioner also contends he was given ineffective assistance of counsel when his trial counsel wrongfully informed the Petitioner that if he pled guilty in exchange for an offered life sentence he would not be eligible for parole. This advice was not supported by the law in Mississippi at that time. The Petitioner also asserts that trial counsel did not include the proper mitigating arguments in his closing arguments at the sentencing phase. The Court finds that the claims of ineffective assistance of trial counsel are based on facts and legal theories about which the Petitioner and his counsel would have

knowledge when the prior habeas petition was filed. This claim would therefore be subject to an abuse of the writ doctrine challenge. Whether the Petitioner has actually abused the writ will be discussed *infra.*

■ The Petitioner asserts that he is so mentally incompetent at this time that execution would be in violation of the Eighth Amendment. The Petitioner relies on *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), which established that it is cruel and unusual punishment under the Eighth Amendment to execute someone who is mentally incompetent. Mississippi law also provides that one who is mentally incompetent should not be executed. *Miss.Code Ann.* § 99–19–57(2) (Supp.1986). The Petitioner urges that under Mississippi law a person is entitled to a hearing on his competence to be executed. *See Id.* In support of this claim the Petitioner presents affidavits of psychologists who report that the Petitioner suffers from organic brain damage and brain dysfunction. There are also affidavits of family witnesses as to Johnson's present incompetence. The state has presented counter-affidavits by psychologists and persons observing Johnson which state he is not presently incompetent or insane for purposes of execution. The Petitioner contends that this claim could not have been asserted in the prior federal habeas petition because his mental condition has deteriorated since that earlier filing. Further, the recent Supreme Court opinion in *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) established new law regarding incompetence at the time of execution. The Court therefore finds that this claim is based on facts or legal theories about which the Petitioner had no knowledge when prosecuting his prior habeas petition, and therefore it is not subject to an abuse of the writ challenge.

The Petitioner next argues that a jury instruction at the penalty phase of the trial unconstitutionally shifted the burden of proof regarding propriety of the death penalty to the Petitioner. The trial court gave this jury instruction, S–7, for which Petitioner argues the burden of proof shifted:

> Proof beyond a reasonable doubt ... of the statutory elements of the capital offense of which the accused is charged shall constitute sufficient circumstances to authorize imposition of the death penalty unless mitigating circumstances shown by the evidence outweigh the aggravating circumstances.

Mississippi law clearly provided that the jury must find at least one statutory, aggravating circumstance before it may impose the death penalty. The Petitioner was aware of the facts supporting this claim at the time of the prior federal habeas petition, yet Petitioner argues that "new law" as found in *Frances v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) established a legal theory for this claim for which Petitioner previously had no knowledge. Contrary to the Petitioner's assertion, *Frances v. Franklin* is not "new law" in this area but rather is a reiteration and modification of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). *Frances* dealt with shifting the burden of proof on an element of the offense charged; the burden of proof shifted in that case was on the element of intent for malice murder. Likewise, *Sandstrom* dealt with shifting the burden of proving an element of the offense. *Sandstrom* had previously held that mandatory presumptions violate the due process clause if they relieve the state of the burden of persuasion on an element of an offense. *Sandstrom,* 442 U.S. at 520–24, 99 S.Ct. at 2457–59. In the present case the Petitioner argues that the trial court impermissibly shifted the burden of proving an element of the penalty statute from the prosecution. This claim is not based on "new law" of *Frances,* but rather had its support in the earlier case of *Sandstrom;* therefore, this issue could have been raised in the prior habeas petition. The Petitioner claims ineffective assistance of habeas counsel if the Court finds this issue should have been raised earlier.

The Petitioner next contends that the prosecution failed to reveal that one juror had substantial reason to favor the prose-

cution. The Petitioner alleges that Ms. Eddie Leflore, who was ultimately chosen to serve, did not answer truthfully when asked questions on voir dire and the prosecution failed to correct these answers on voir dire. This claim arises from the fact that Ms. Leflore's step-son had been found guilty of grand larceny in the same county three months prior to Johnson's trial in a case prosecuted by the same District Attorney who was prosecuting Johnson. Petitioner contends that this gave the juror a reason to favor the prosecution and denied the Petitioner a fair trial. Even though Petitioner's counsel state that the evidence of the juror potentially currying the prosecution's favor was discovered on May 9, 1987, after a witness volunteered it, it cannot be said that such evidence was solely within the domain of the prosecution. This particular juror was earlier challenged in a motion for a new trial, and reasonable inquiry at that time concerning the juror's truthful or untruthful answers on voir dire could have revealed the facts of this circumstance. This claim concerning this juror should have been raised in the prior habeas petition.

The next contention in support of this habeas corpus petition is that the conviction and sentence were secured by use of a statement taken without counsel present. Petitioner asserts that this claim is based on the "new law" of *Michigan v. Jackson,* 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). *Michigan v. Jackson* holds that police interrogation after a request for counsel at arraignment but prior to consultation with counsel renders confessions or statements inadmissible as violating the Sixth Amendment right to counsel. *Jackson,* 475 U.S. at ———— ————, 106 S.Ct. at 1409–1411, 89 L.Ed.2d at 640–42. Petitioner's trial counsel had knowledge of the facts and legal theory regarding violation of the Sixth Amendment for this claim of questioning without counsel present prior to the first habeas petition as evidenced by the fact that trial counsel moved to suppress the statement from trial. See Affidavit of Firnist Alexander at 2 ¶ 6. Even though *Michigan v. Jackson* was not decided until April 1, 1986, Petitioner's trial

counsel had knowledge of the facts and argued this legal theory at the time of trial. Thus, the argument that *Michigan v. Jackson* created "new law" of which Petitioner did not have knowledge is not persuasive since trial counsel attempted to urge a Sixth Amendment violation at trial. This claim is thus subject to challenges under abuse of the writ.

■ Petitioner contends that it is a violation of the Eighth Amendment to impose the death sentence on a person 18 years old at the time of a crime since at that age the person is too young to sit on a jury under Mississippi law. Petitioner urges this Court to hold this case in abeyance pending the resolution in the United States Supreme Court of this issue as presented in *Thompson v. Oklahoma,* No. 86–6169, *cert. granted,* —— U.S. ——, 107 S.Ct. 1284, 94 L.Ed.2d 143 (1987). The Court finds that it is not proper to hold this case in abeyance pending the resolution of *Thompson* since Thompson is not new law on point. *Thompson* involves a question of inflicting the death penalty on an individual who was a child of fifteen at the time of the crime. *See* 55 U.S.L.W. 3597 (Mar. 3, 1987). Clearly *Thompson* is distinguishable from *Johnson* in that Johnson was over eighteen years of age at the time of the crime and was in all respects tried as an adult. Johnson's age was properly argued in mitigation of the death penalty. *Eddings v. Oklahoma,* 455 U.S. 104, 116, 102 S.Ct. 869, 877, 71 L.Ed.2d 1 (1982) held that a court considers many mitigating factors but mere youth at time of crime will not vacate the death penalty. The Court finds that *Thompson* does not establish "new law" for purposes of Johnson's sentence and will not have a bearing on this sentence. This Court will not hold the execution in abeyance pending resolution of *Thompson.*

Petitioner's final claim is that the Mississippi capital statute in force at the time of his trial was facially unconstitutional because it limited consideration of mitigating circumstances to those enumerated in the statute. The Petitioner asserts that the recent decision of *Hitchcock v. Duggar,* ——

U.S. ——, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) is persuasive authority that Mississippi unconstitutionally limited the consideration of mitigating circumstances to those enumerated in the statute at the time of Johnson's trial. *See Miss.Code Ann.* § 99–19–101(6) (Supp.1980). The Court notes that the previous Supreme Court decision in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) had held that a state could not limit the non-statutory mitigating circumstances which a jury could consider. Counsel should have had knowledge of *Lockett* at the time of the first habeas petition and therefore counsel could have asserted this legal theory at the time of the first federal habeas petition. *Hitchcock* does not constitute "new law" on this theory but rather is a refinement of the previous holding in *Lockett* concerning admissibility of all mitigating circumstances whether or not enumerated in a statute. Failure to raise this claim in the previous habeas petition may therefore constitute abuse of the writ.

The issues as presented in claims 1, 3, 4, 5, 6, and 7 are ones for which Petitioner should have had knowledge of the facts or legal theories at the time he presented his first federal habeas petition and are not based upon "new evidence" or "new law." Unless Petitioner can show that these claims were not deliberately and knowingly withheld or not withheld based on inexcusable neglect, then the claims should be dismissed as an abuse of the writ.

In order to avoid abuse of the writ Petitioner asserts that failure to raise claims 1, 3 and 7 constitutes ineffectiveness of the first habeas counsel. Counsel in this second habeas petition state that the Petitioner Johnson was not informed of the conflicts of interest surrounding a claim for ineffective assistance of trial counsel. The facts giving rise to this conflict of interest claim is that R. Jess Brown represented the Petitioner during his trial, appeal and first federal habeas petition and never raised the issue of his own ineffectiveness. Co-counsel to the first habeas petition, Barry Powell, likewise did not urge the claim of ineffectiveness of counsel while Brown was still representing the Petitioner. Petitioner contends it was ineffective assistance of the counsel on the first habeas claim to omit the issue of trial counsel's ineffectiveness. Further, Petitioner asserts that if the first habeas petition counsel should have known of the facts or law supporting claims 3 and 7, then the first habeas counsel were ineffective by failing to properly raise these claims. Regarding ineffectiveness of habeas counsel, the Fifth Circuit has stated:

Counsel competence in habeas proceedings is not a constitutional inquiry, since a state has no constitutional duty to provide counsel in collateral proceedings. Instead *the question is whether such incompetence excuses the failure to include the new claim in the old petition.* Even a successive petition seeking to litigate a claim a second time can be considered to prevent an injustice. *Equally, incompetence of habeas counsel when it explains an omission or flawed submission can excuse what otherwise would amount to an abuse of the writ.*

It does not follow that incompetence of counsel is necessarily established by omission of a claim.

*Jones v. Estelle*, 722 F.2d 159, 167 (5th Cir.1983) (emphasis added). The court in *Jones* held that the test of competent habeas counsel is the same as competent trial counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Jones*, 722 F.2d at 167. The Fifth Circuit further held in *Daniels v. Blackburn*, 763 F.2d 705 (5th Cir.1985),

In *Jones*, we recognize that there is no constitutional right to the assistance of counsel in a collateral attack on a conviction. We held, however, that, if a habeas petitioner is represented by competent counsel, his attorney's decision to withhold claims will preclude their assertion in a subsequent petition *unless the petitioner establishes that counsel was incompetent.* We noted further that, for purposes of this analysis, the effectiveness of counsel's performance should be evaluated by the same standards that govern the constitutional inquiry into the effectiveness of counsel at a criminal tri-

al. Finally, we stated that we will not presume that counsel was incompetent or ineffective simply because he failed to raise a claim in a prior habeas proceeding: "It does not follow that incompetence of counsel is necessarily established by omission of a claim." *Daniels,* 763 F.2d at 710. This Court must therefore decide whether or not the petitioner has established that his first habeas counsel was incompetent under the standards of *Strickland v. Washington* for failing to raise claims 1, 3 and 7.

■ Petitioner requested an evidentiary hearing in order to show that his failure to raise these three claims earlier is not the result of intentional bypass or inexcuseable negligence and does not abuse the writ. A petitioner is not necessarily entitled to an evidentiary hearing on whether or not he has abused the writ. *Urdy v. McCotter,* 773 F.2d at 653; *Daniels v. Blackburn,* 763 F.2d at 707. The Petitioner anticipated the abuse of writ argument and included in his petition and brief the pertinent facts and law on which he relied to rebut abuse of the writ. However, The Petitioner was given a hearing before this Court and was afforded the opportunity to present evidence rebutting the abuse of writ challenge and the Court has duly considered this evidence. Summary dismissal by the district court is justified if the district court determines as a matter of law that the petitioner has no chance of justifying the success of the petition. *Daniels,* 763 F.2d at 707.

■ This Court determines as a matter of law that counsel for the first habeas petition were not ineffective for failing to raise the claims of an improper jury instruction [Claim 3] and of an unconstitutional capital sentencing statute [Claim 7]. The Court does not believe, based on the record of this case and the applicable law, that counsel's representation on habeas fell below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. It was within the accepted range of professionally competent assistance to not raise these arguments. Further, the Petitioner has not shown that but for counsel's errors the result of the pro-

ceeding would have been different. *See Id.* at 694, 104 S.Ct. at 2068. The jury instructions as a whole did not shift the burden during the penalty phase, and the jury in fact found the presence of two statutory aggravating circumstances; therefore, counsel's error in failing to raise the issue of Jury Instruction S–7 previously would not affect the outcome of the habeas proceeding because this claim regarding the challenged jury instruction would fail. Likewise, the failure of the first habeas counsel to raise the claim that the sentencing statute was unconstitutional would not have affected the outcome of the habeas proceeding, for no evidence has been presented that the jury was instructed by the trial court to only consider the enumerated mitigating circumstances. Therefore, the failure to raise this claim did not prejudice the Petitioner as required by *Strickland.* This Court has thus found that counsel on the first habeas petition was not ineffective as to these two claims as a matter of law. The Court further examined these claims and finds that they are without merit.

■ The Court held a hearing at 4:30 p.m. on May 18, 1987, and received evidence regarding ineffectiveness of habeas counsel as an excuse of the abuse of the writ. The Court heard from Barry Powell who was co-counsel with R. Jess Brown on the first habeas corpus petition. Although Powell has not participated in many death penalty cases, on the first federal habeas petition he conducted extensive research in the area, re-read the trial record, and conferred with James Robertson and counsel in the Southern Poverty Law Center who are experts in death penalty defense work. Powell admitted he was aware ineffective assistance of trial counsel often was raised in many habeas corpus petitions dealing with death sentences. Powell stated he did not raise the claim since Brown was one of Johnson's trial attorneys who was still representing Johnson on the habeas petition. James Robertson, who is now a justice on the Mississippi Supreme Court, and counsel for the Southern Poverty Law Center did not recommend ineffective assistance of tri-

al counsel as an issue to raise. The Court finds the protestations of Powell that he did not include the issue of ineffective assistance of trial counsel in the first habeas petition because he did not want to offend Brown is not convincing. The Court is aware that Powell is a competent attorney and is known for representing his clients zealously within the bounds of the law, thus Powell would not allow the feelings of co-counsel to get in the way of presenting all possible claims for his client. The Court notes that Brown was not involved in the hearings conducted during the petitions for state post-conviction collateral relief or for federal habeas corpus. Also, Brown did not travel to Parchman Penitentiary for meetings with Johnson. The Court, therefore, is not of the opinion this case properly presents a conflict of interest by Powell in his representation of Johnson in the first habeas petition. The Court must consider Powell's representation as to what was reasonable at the time of the first habeas petition, and not judge it by hindsight. Powell raised nine or ten issues in the first habeas petition which he believed had merit. The Court finds it was not unreasonable for him to omit the issue of ineffective assistance of trial counsel. Powell's performance on the first habeas petition did not fall below the standard of reasonableness by which the Court judges his representation for abuse of the writ. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064.

▬ Even if Powell had considered the claim of ineffective assistance of trial counsel and believed that he should have raised it on the first habeas petition, there is no substantive evidence to support a conclusion that the Court would have reached a different result and granted relief on the previous habeas petition. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068 (but for counsel's errors the result of the proceeding would have been different). No evidentiary hearing on the issue of trial counsel's deficient performance is warranted here because all relevant evidence is either preserved in the state court record or presented to the Court by affidavits. *Cf. Wilson v. Butler,* 813 F.2d 664, 671–73

(5th Cir.1987) (petitioner entitled to evidentiary hearing where state court record was deficient on the issue of ineffective assistance of trial counsel). The assertion that trial counsel ran out of time and failed to include all mitigating circumstances in his closing arguments of the sentencing phase is a situation not all uncommon in the courts; Petitioner has failed to show how this would alter the result. Petitioner asserts trial counsel erroneously stated Petitioner's age was 20 and not 18 at the time of the crime, but the Court notes that Johnson's grandmother had testified to Johnson's proper age in the penalty phase. Thus, there is no prejudice in this error. Trial counsel's failure to appear at two hearings is likewise not prejudicial. The relief Petitioner was seeking in one hearing was granted by the Court's order of a psychological examination, and the psychologist's affidavit shows that Petitioner's grandparents were interviewed at length as part of the psychological examination, thus his claim of mental impairment was investigated. There is no proof as to what the other hearing concerned, so this Court can make no finding that failure of counsel to appear was prejudicial. Petitioner submits that trial counsel wrongfully advised Johnson concerning an offered life sentence if he pled guilty. The Court finds that affidavits submitted by the state reveal that Petitioner was never formally offered a plea bargain, thus counsel's advice was not prejudicial to Petitioner. Johnson also urges that trial counsel was ineffective in presenting mitigating evidence of his background in the penalty phase. The record in this case reveals that counsel at trial presented such mitigating evidence through three witnesses who testified as to Johnson's reputation and character as a good person and hard worker.

▬ Johnson also urges that trial counsel was ineffective in that they failed to present mitigating evidence of mental impairment. Even though the failure of trial counsel to present proof or to argue on the issue of mental impairment at the sentencing phase is troubling to the Court, the evidence proffered here by Johnson is

consistent with the finding that the omission was not error or incompetence by trial counsel but rather a considered conclusion that the evidence was insubstantial. The affidavits of trial counsel demonstrate that they were aware of the psychological proof of mental impairment, but chose not to present it. They believed it insufficient in that it did not prove insanity under the right/wrong test of insanity. While counsel may have been mistaken in their belief that mental impairment as a mitigating factor under the capital murder law was the equivalent of insanity under the criminal law, they were nevertheless correct that the mitigating factor envisaged by the Mississippi statute requires a showing of "substantial" impairment or "extreme" disturbance. Trial counsel concluded on the facts that the psychological evidence was not worth presenting. The Court notes that while trial counsel did present proof of Petitioner's good character, diligence, youth, and of the absence of a criminal record, they did not emphasize these points in their argument to the jury. Instead, counsel spent their argument primarily on generalized objections to the death penalty. While their choice seems unreasonable in hindsight, the Court believes that granting relief under these circumstances would by implication make the presentation of possible mitigating evidence a requirement under the Constitution in all death penalty cases, outside the discretion of trial counsel. Such a ruling would compel formulation by the federal courts of a checklist of required mitigating evidence and force the state to establish for the record why any such listed factors had not been proffered by the defense. Since the law does not require introduction of mitigating factors, *Mitchell v. Kemp,* 762 F.2d 886, 889 (11th Cir.1985) the Court cannot come to this conclusion. Accordingly, the Court concludes that the failure of habeas counsel to raise the ineffectiveness of trial counsel in the first petition was not unreasonable, and that a hearing on the merits of the question of ineffective assistance of counsel is not required in the interest of justice.

The claim that Petitioner is presently incompetent or insane and that his mental condition precludes execution is not presented as an abuse of the writ. It is based on new facts and new law not within the realm of knowledge on the prior habeas petition. Therefore, the Court will address the claim on the merits.

■■■ The Mississippi Supreme Court considered the affidavits submitted to it on this issue by Petitioner and concluded that Petitioner has failed to make a prima facie case that he is incompetent or insane. The Court agrees that the affidavits and evidence in the record do not create a question of fact about whether Johnson is incompetent or insane within the meaning of the Mississippi statute or of *Ford v. Wainwright. Evans v. McCotter,* 805 F.2d 1210, 1214 (5th Cir.1986). The Court reaches this conclusion having considered the factual bases set out in Johnson's psychological evidence—facts corroborated by his other evidence. The Court is of the opinion that these facts do not support the conclusion that Johnson has become incompetent or insane; the facts are not even sufficient to justify a full hearing on the issue. In the alternative, the Court holds that Johnson had an adequate opportunity to present the question in state court; that the finding of the Mississippi Supreme Court is entitled to a "presumption of correctness" under 28 U.S.C. § 2254(d), and that Johnson is not entitled to an evidentiary hearing on the issue in federal court. Id. The procedure followed satisfies the majority holding of *Ford v. Wainwright:*

> The State should provide an impartial officer or board that can receive evidence and argument from the prisoner's counsel, including expert psychiatric evidence that may differ from the State's own psychiatric examination. Beyond these basic requirements, the States should have substantial leeway to determine what process best balances the various interests at stake.

106 S.Ct. at 2611.

The Court concludes that a stay is unnecessary to satisfactorily consider the Petition, and having considered the claims and evidence presented concludes that the Petition is without merit. It is therefore or-

dered that the Petition for Habeas Corpus Relief be denied.