829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ellis Richard DOUGLAS, Jr., Petitioner,
v.
David A. GARRAGHTY, Warden; Attorney General of Virginia, Respondent.
 No. 87-8002
 United States Court of Appeals, Fourth Circuit.
 Submitted April 23, 1987.
Decided September 25, 1987.
 
 Ellis Richard Douglas, Jr., pro se.
 Thomas D. Bagwell, Assistant Attorney General, for respondents.
 Before K. K. HALL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ellis Douglas, a Virginia inmate, petitions pursuant to 28 U.S.C. Sec. 636(c)(5) for leave to appeal a decision of the district court affirming the magistrate's dismissal of Douglas's fourth habeas petition as an abuse of the writ. For the reasons stated below we deny leave to appeal, deny a certificate of probable cause, and dismiss the appeal.
 
 
 2
 In January 1983, Douglas filed a 42 U.S.C. Sec. 1983 claim challenging the computation of his sentence. The district court treated this claim as a habeas claim and dismissed for failure to exhaust state remedies. Douglas v. Pugh, C/A No. 83-0007-R (E.D.Va. Mar. 23, 1983). In September 1983, Douglas filed a 28 U.S.C. Sec. 2254 petition challenging various errors at his trial; the claims brought in that action are essentially the same as those asserted here. The district court dismissed the September 1983 petition for failure to exhaust state remedies. Douglas v. Garraghty, C/A No. 83-0548-R (E.D.Va. May 10, 1984). In January 1984, Douglas brought another habeas petition, this one reasserting his sentence computation claim which had since been exhausted. The district court dismissed that petition as an abuse of the writ, finding that although Douglas had not acted in bad faith, he had, by bringing his trial error claims before exhausting his sentence computation claim, proceeded in a piecemeal fashion in violation of Habeas Rule 9(b). This Court denied a certificate of probable cause to appeal the district court's decision in that case. Douglas v. Garraghty, No. 84-6616 (4th Cir. May 10, 1985) (unpublished).
 
 
 3
 Douglas has now exhausted his trial error claims, and they are the subject of the instant petition. Magistrate Lowe, exercising jurisdiction under 28 U.S.C. Sec. 636(c), dismissed the petition under Rule 9(b), concluding that Douglas had abused the writ by proceeding with full knowledge that he was attacking his incarcerated status through two sets of habeas petitions, one set dealing with sentencing errors and the other dealing with trial errors. Douglas appealed the dismissal of his petition to Judge Merhige who affirmed Magistrate Lowe's decision.
 
 
 4
 A district court's exercise of discretion under Rule 9(b) 'warrants a full measure of appellate respect.' Miller v. Bordenkircher, 764 F.2d 245, 248 (4th Cir. 1985). Douglas clearly knew of his trial error claims when he filed his third petition but chose to file the petition before those claims had been exhausted. The need to exhaust a claim has not been recognized as a sufficient excuse under Rule 9(b) for the piecemeal presentation of claims. See Rudolph v. Blackburn, 750 F.2d 302, 306 (5th Cir. 1984); see also Rose v. Lundy, 455 U.S. 507, 521 (1982). We are thus unable to find that the magistrate abused his discretion in dismissing the petition under Rule 9(b). Nevertheless, we are sympathetic to Douglas's complaint that the federal courts have not considered the merits of any of his habeas claims. In view of this complaint we have reviewed the record in this case, which includes the transcripts and papers relating to Douglas's state court trial, appeal, and habeas proceedings. We find no merit to his claims.
 
 
 5
 Neither the record nor Douglas's allegations reveal systematic exclusion of distinctive groups from his jury. Likewise, the record reveals no basis for concluding that the trial judge's actions or gestures fundamentally prejudiced the trial. As to the challenged remark by Lieutenant Witt, the isolated nature of the reference and the prompt curative instruction deprive the issue of constitutional significance. Douglas's claim that his arrest warrant lacked a court seal provides no basis for federal collateral relief. Douglas's challenges to the sufficiency of and the amendment of his indictment must fail because the record establishes that Douglas was fairly apprised of the nature of the charges and not prejudiced or misled by amendment of the indictment. Douglas's claims that the prosecution withheld exculpatory evidence and that defense counsel conducted an inadequate investigation and conceded Douglas's guilt lack factual support. Douglas's complaint that his attorneys failed to preserve and present his claims of error on appeal fails because those claims are without merit.
 
 
 6
 We accordingly deny leave to appeal, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 DISMISSED.