Carrie SMITH et al., Plaintiffs-Appellants,

v.

SOUTHERN BELL TELEPHONE COMPANY, Defendant-Appellee.

No. 72–1260
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 30, 1972.
Rehearing Denied July 13, 1972.

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

**280**

C. O. Brown, Alexandria, La., for plaintiffs-appellants.

Edward G. Randolph, Jr., George M. Foote, Polk, Foote, Randolph & Percy, Alexandria, La., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Carrie Smith, appeals from an order of the district court which both denied her a transcript of the trial testimony at Government expense and allowed her to appeal in forma pauperis.[1] In essence, what the district court has done is to certify that the appeal is taken in good faith for in forma pauperis purposes while at the same time determining that the appeal is frivolous for free transcript purposes. To say the least, it is enigmatic that a frivolous or insubstantial question appeal could be taken in good faith. Certainly we could not pass on such an order which is bare of any supportive reasoning. It is also wholly doubtful that the order before us is appealable at all. However, we need not face either question. It is apparent from the face of the record now before us that Smith has failed to file her notice of appeal from the judgment on the merits within the 30-day jurisdictional limit fixed by F.R. A.P. 4(a); thus, any relief granted to Smith would be an exercise in futility. Since she has no right to appeal the merits with or without a transcript, this appeal is

Dismissed.

---

1. The order in its entirety read:

The motion for an appeal in forma pauperis is GRANTED: the motion to furnish a transcript at the cost of the United States is DENIED.

An Appeal may not be taken in forma pauperis if the trial judge certifies in writing that it is not taken in good faith. 28 U.S.C.A. § 1915(a) (1966).

28 U.S.C.A. § 753(f) (1968), which governs transcripts at government expense, provides in pertinent part:

. . . Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

For a discussion of the interplay between Section 1915(a) and Section 753(f), see Maloney v. E. I. DuPont de Nemours & Co., 130 U.S.App.D.C. 58, 396 F.2d 939 (1967).