ment of illegal importation and sale of cocaine in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). On March 5, 1970 he was sentenced to five years in prison without possibility of parole on each of the five counts, the sentences to run concurrently. Five years' imprisonment without the possibility of parole was then the mandatory minimum sentence prescribed by 26 U.S.C. § 7237(b) and (d).

On October 27, 1970 Congress passed the Comprehensive Drug Act, which repealed the statutory provisions denying parole and imposing a minimum five-year sentence under which Noriega-Arjona was sentenced. However, the Act's effective date was May 1, 1971. And although the Act's sentencing provisions are available to narcotics offenders who are sentenced after May 1, 1971, prisoners who were sentenced prior to the effective repeal of §§ 174 and 7237 are still ineligible for a suspended sentence and probation or for parole. Compare United States v. Fithian, 452 F.2d 505 (9th Cir. 1971) and United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), in which the prisoners were sentenced after May 1, 1971, with United States v. Pregerson, 448 F.2d 404 (9th Cir. 1971), in which the prisoner was sentenced before May 1.

Affirmed.

Don H. Weaver, pro se.

Crawford Martin, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before BELL, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Notice of appeal not having been timely filed within 30 days of the date of entry of judgment, this Court has no jurisdiction to entertain this appeal. F.R. A.P. 4(a); *see* Smith v. Southern Bell Telephone Company, 5 Cir. 1972, 460 F. 2d 279.

Dismissed.

**Don H. WEAVER, Petitioner-Appellant,**

**v.**

**STATE OF TEXAS et al., Respondents-Appellees.**

**No. 72-2208.**

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1972.

Rehearing Granted Nov. 10, 1972.

**Harry L. HAMPSON, Appellant,**

**v.**

**BUCYRUS-ERIE COMPANY and Centre Foundry and Machine Company, a corporation.**

**No. 71-1754.**

United States Court of Appeals, Third Circuit.

Submitted June 8, 1972 Under Third Circuit Rule 12(6).

Decided July 18, 1972.