Shephard Arnold MEGGETT,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT,
Respondent-Appellee.

No. 80–5436
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 24, 1981.

Shephard Arnold Meggett, pro se.

Paul Mendelson, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

PER CURIAM:

Shephard Arnold Meggett appeals the denial of habeas corpus relief from his Florida conviction for first degree murder.

The appellee raises the preliminary issue of whether the appeal is timely. Rule 4(a), Federal Rules of Appellate Procedure, requires a notice of appeal to be filed with the clerk of the district court within thirty days of the judgment or order appealed from. Compliance with this requirement is a prerequisite for appellate jurisdiction. *See Portis v. Harris County*, 632 F.2d 486, 487 (5th Cir. 1980); *United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979). According to the record, the district court filed its final judgment in the case on October 15, 1979, and Meggett filed his notice of appeal on November 21, 1979, seven days after the expiration of the period prescribed in Rule 4(a).

The entry on the docket sheet also reflects that final judgment was filed on October 15. However, the entry additionally carries the notation M–10/24/79, apparently the date of microfilming, and it is possible that Meggett, who is proceeding pro se and in forma pauperis, may have mistakenly relied on the October 24, 1979, notation shown on the docket sheet in filing his notice of appeal.

Prior to August 1, 1979, Rule 4(a) provided that upon a showing of excusable neglect, the district court could extend the time for filing the notice of appeal

> for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed ... has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

Fed.R.App.P. 4(a) (1976). There was considerable confusion under this rule regarding the time within which the untimely appellant had to seek relief from the effect of his late filing. This Circuit and others determined to treat a notice of appeal filed after the thirty-day period for filing the notice but within sixty days of the judgment as a motion to extend the time for filing the notice of appeal. *See Sanchez v. Dallas Morning News*, 543 F.2d 556, 557 and 557 n.2 (5th Cir. 1976). The general practice was to remand such cases to the district court to determine whether an extension should be granted. *See Bryant v. Elliott*, 467 F.2d 1109 (5th Cir. 1972); *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966).

Rule 4(a) was amended effective August 1, 1979, to provide:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Fed.R.App.P. 4(a)(5). In *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521 (5th Cir. 1980), the first case in this Circuit to consider the effect of the 1979 amendment, the Court interpreted the

new rule to require a motion to extend time to be filed no later than thirty days after expiration of the original appeal time in order for the Court to have jurisdiction over the appeal. *See* Notes of Advisory Committee on Appellate Rules. Because of the confusion existing under the old rule, however, and because the new rule required a departure from the case law gloss of the old rule which arguably gave relief beyond the face of the text, the Court determined to make its decision prospective only, applying it to untimely notices of appeal filed thirty days after the date of the decision, August 25, 1980. Notices of appeal filed prior to that time would be considered under the old rule.

Since Meggett's untimely notice of appeal was filed in November 1979, prior to Sept. 24, 1980, the prospective holding of *Sanchez v. Board of Regents* does not apply, and this case must be considered under the prior authority. Therefore, we remand the case to the district court for it to consider whether there was excusable neglect and, if it finds there was, to enter an order extending the time for filing the notice of appeal.

Pending the outcome in the district court, jurisdiction will be retained by us. *See Bryant v. Elliott*, 467 F.2d 1109 (5th Cir. 1972); *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966); C. Wright, Law of Federal Courts 522 (1976). *Cf. Weaver v. Texas*, 464 F.2d 562 (5th Cir. 1972). If the time is extended, this appeal may continue upon receipt of the district court order. If not, it must be dismissed.

REMANDED.