**Ronald REYNOLDS et al.,
Plaintiffs-Appellants,**

v.

**HUNT OIL COMPANY,
Defendant-Appellee.**

**No. 80–5953.**

United States Court of Appeals,
Fifth Circuit.

Unit B

April 14, 1981.

James S. Usich, Miami, Fla., for plaintiffs-appellants.

Benjamin W. Redding, Panama City, Fla., for defendant-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

**BY THE COURT:**

Appellee Hunt Oil Company has filed a motion to dismiss appellants Reynolds' notice of appeal for lack of jurisdiction due to their failure to file their notice in a timely manner.

Rule 4(a), Federal Rules of Appellate Procedure, requires a notice of appeal to be filed with the clerk of the district court within thirty days of the judgment or order appealed from. Compliance with this requirement is a prerequisite for appellate jurisdiction. *See Portis v. Harris County*, 632 F.2d 486, 487 (5th Cir. 1980). According to the record, Sunday, November 30, 1980, was the thirtieth day following the entry of judgment. Appellants' notice of appeal was not filed with the clerk of the district court until Tuesday, December 2, 1980. It was untimely, and the time for filing the notice has not been extended.

Rule 4(a) was amended effective August 1, 1979, to provide:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Fed.R.App.P. 4(a)(5). In *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521 (5th Cir. 1980), the Court interpreted that provision to require a motion to extend time to be filed no later than thirty days after expiration of the original appeal

time in order for the Court to have jurisdiction over the appeal. *See also Meggett v. Wainwright,* 642 F.2d 95 (5th Cir. 1981). Due to some confusion over the rule change, the Court made its decision prospective only, applying it to untimely notices of appeal filed thirty days after the date of the decision, August 25, 1980.

Since Reynolds' untimely notice of appeal was filed in December 1980, more than thirty days after August 25, 1980, the holding of *Sanchez v. Board of Regents* applies. Appellants have never filed a motion to extend the time to file their appeal as required by Rule 4(a). This Court has no authority to extend the time on the ground of excusable neglect. Fed.R.App.P. 26(b).

Appellants assert that their notice of appeal was timely filed because they were entitled to an additional three days in which to file by mail, apparently relying on Fed.R. Civ.P. 6(e) and Fed.R.App.P. 26(c). The law is clear that the 30-day filing requirement of Fed.R.App.P. 4(a) is not affected by either Fed.R.Civ.P. 6(e) or Fed.R.App.P. 26(c). *Lashley v. Ford Motor Co.,* 518 F.2d 749 (5th Cir. 1975). Accordingly, appellee's motion to dismiss the appeal is GRANTED.

APPEAL DISMISSED.