Carl BOND, Plaintiff-Appellant,

v.

WESTERN AUTO SUPPLY COMPANY,
et al., Defendants-Appellees.

No. 81–3110.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 13, 1981.

Roy Maughan, Baton Rouge, La., for plaintiff-appellant.

Dan Edward West, William N. Faller, Baton Rouge, La., for defendants-appellees.

Before CHARLES CLARK, RUBIN and SAM D. JOHNSON, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

We are importuned to permit delay in filing an appeal under circumstances in which the Federal Rules of Appellate Procedure give us no discretion to condone counsel's failure to act timely. We, therefore, dismiss this appeal.

Bond, the plaintiff below and appellant here, filed notice of appeal from a judgment for the defendant 45 days after the judgment was entered. At no time has he filed with the district court a motion for an extension of the time within which to file a notice of appeal. Belatedly and inappropriately, he filed such a plea for extension with us in response to a motion to dismiss his appeal.

As amended in 1979, Rule 4(a)(5), Fed.R.App.P., provides in part:

> (5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time

or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Compliance with Rule 4(a), Fed.R.App.P., is a "mandatory precondition to the exercises of jurisdiction [by the appellate court]." *Sanchez v. Board of Regents*, 625 F.2d 521, 522 n.1 (5th Cir. 1980). *See* 9 Moore's Federal Practice ¶ 204.02[2], at 4–104 (1980).

The basic requirement of Rule 4(a) is that "the notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment . . . appealed from . . . ." Fed.R.App.P. 4(a)(1). Appellant obviously did not satisfy this requirement; his notice of appeal was not filed until 45 days after the entry of judgment. The one exception to this basic rule, already quoted, permits the district court, not this court, to extend the time for filing a notice of appeal upon a motion filed not later than 30 days after the expiration of the original 30 days allowed for filing an appeal. Indeed the purpose of the 1979 amendment was to make this clear. *See* Notes of Advisory Committee on Appellate Rules to F.R.A.P. Rule 4, 28 U.S.C.A. Because Bond also failed to file any such motion within the prescribed time, he has not complied with the express provisions of Rule (4)(a).

Bond pleads that his untimely notice of appeal should itself be treated as a timely motion for extension. We did indeed extend such clemency, upon a showing of excusable neglect, in those cases in which the notice itself had been filed prior to the amendment of Rule 4(a) in August 1979. *Sanchez v. Board of Regents*, 625 F.2d 521, 522–23 (5th Cir. 1980). *See Sanchez v. Dallas Morning News*, 543 F.2d 556, 557 n.2 (5th Cir. 1976) and cases cited therein. Rule 4(a) now expressly requires that an actual motion for an extension be filed with the district court. If it is filed within the initial time, it may be filed ex parte under Rule 4(a), Fed.R.App.P. "After the expiration of the initial time a motion for the extension of the time must be made in accordance with the F.R.C.P. and local rules of the district court." Notes of Advisory Committee on Appellate Rules, *supra*. *See*

*Reynolds v. Hunt Oil Company*, 643 F.2d 1042 (5th Cir. 1981); *Meggett v. Wainwright*, 642 F.2d 95 (5th Cir. 1981); *Sanchez v. Board of Regents*, 625 F.2d 521 (5th Cir. 1980).

Because we lack the power to treat the belated notice of appeal as complying with the rule, the appeal is DISMISSED.