Ronald D. BRIGGS, Plaintiff-Appellant,

v.

Eddie LUCAS, Warden, Defendant-Appellee.

No. 81–4495
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 18, 1982.

Ronald D. Briggs, pro se.

Bill Allain, Atty. Gen., State of Miss., William S. Boyd, III, Larry M. Wilson, Asst. Attys. Gen., Jackson, Miss., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

We notice sua sponte that the appeal is untimely and must be dismissed.

The plaintiff Briggs appeals from the dismissal of his section 1983 suit for damages. The district court entered its order of dismissal on September 3, 1981. By Fed.R. App.P. 4(a), an appellant is required to file his notice of appeal in a civil case such as the present "with the clerk of the *district court* within *30 days* after the date of entry of the judgment or order appealed from" (emphasis supplied). Briggs, the present appellant, incorrectly filed his papers with the clerk of the *court of appeals*, which papers moreover were not received by that office until October 15, 1981—*i.e.*, more than 40 days after entry of judgment and well past the thirty-day delay allowed for filing a notice of appeal.

█ The present appeal, if deemed as filed October 15, 1981 (although incorrectly sent to the clerk of the appellate court instead of to the district court clerk),[1] is thus untimely. Accordingly, we lack jurisdiction to entertain this appeal. *Bond v. Western Auto Supply Co.*, 654 F.2d 302, 303 (5th Cir. 1981).

█ Under Fed.R. 4(a)(5), the time for filing a notice of appeal may be extended upon a showing of good cause or excusable neglect, *providing* such motion is "filed not later than 30 days after the expiration of the time prescribed by Rule 4(a) [*i.e.*, in the present case, 30 days after entry of the order or judgment appealed from]." *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521, 523 (5th Cir. 1980). No such motion was filed within 30 days after expiration of the delay (which was October 3, a Saturday; and thus extended to October 5, Monday, *see* Fed.R.Civ.P. 6(a)). The untimely notice of appeal filed on October 15 cannot under the Rule's intent be treated as a timely motion for extension. *Bond v. Western Auto Supply Co., supra*, 654 F.2d at 303–04.

█ Nor can a subsequent order entered by the district court affect the untimeliness of this appeal. In connection with logging the record in this court, the district court granted the plaintiff Briggs leave to proceed on appeal in forma pauperis. The order was entered on December 1, 1981— well past both the delay period for a timely notice of appeal that expired on October 5, 1981, and also an additional thirty day period ending on November 4, 1981 during which a motion for extension could be filed. This belated order cannot breathe life into an appeal that, for the reasons noted, was untimely and of which we therefore lack appellate jurisdiction. *Cf., Ryals v. Estelle*, 661 F.2d 904 (5th Cir. 1981).

Accordingly, the appeal must be DISMISSED as untimely.

APPEAL DISMISSED.

---

1. *See* Fed.R.App.P. 4(a)(1): * * * If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted."