## H.L. SMITH, INC.

v.

## ALLIED CHEMICAL CORP.

### Civ. A. No. 79–500–B.

United States District Court, M.D. Louisiana.

June 8, 1983.

Arthur Cobb, Baton Rouge, La., for plaintiff.

Samuel A. Bacot, Baton Rouge, La., for intervenor, Capital Bank and Trust Co.

John M. Wilson, J. Berry St. John, Jr., Deborah Bahn Price, Liskow & Lewis, New Orleans, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the plaintiff, H.L. Smith, Inc., for an extension of time in which to file a notice of appeal. No oral argument is required on this motion.

The Court's judgment was entered in this case on April 6, 1983. Plaintiff filed a notice of appeal on May 9, 1983. Thereaft-

er, the plaintiff filed its motion for an extension of time to appeal.

■ Because it is undisputed that the notice of appeal was not filed timely, the notice is without effect. See *Henry v. Estelle,* 688 F.2d 407 (5th Cir.1982); *Briggs v. Lucas,* 678 F.2d 612 (5th Cir.1982); *Reynolds v. Hunt Oil Co.,* 643 F.2d 1042 (5th Cir.1981). Therefore, this Court retains jurisdiction to determine whether an extension of time should be granted to file another notice. Fed.R.App.P. 4(a)(5), 26(b); *Reynolds,* supra.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows the district court to grant an extension of time to file a notice of appeal even after the time delays have run "upon a showing of excusable neglect or good cause". The "good cause" standard incorporated in Rule 4(a)(5) in 1979 was intended to clarify the Rule as it applies to motions for extensions filed before the appeal delay runs. See *Note of Advisory Committee on Appellate Rules* following Rule 4. Therefore, the Court must determine whether the facts of this case demonstrate "excusable neglect".

■ The plaintiff contends that excusable neglect is present here because of its counsel's good faith reliance on his office clerical staff. The plaintiff's version of facts surrounding the failure to timely file the notice is uncontested. Arthur Cobb, counsel for the plaintiff, contends that he reviewed the tactics for appeal prior to the expiration of the appeal delays. In an affidavit filed in support of the instant motion, Linda Gomez, who is apparently Mr. Cobb's secretary, states that she prepared the notice of appeal on May 5, 1983, the day before it was due. However, because of other matters, Mr. Cobb was unable to sign the notice that day. The Gomez affidavit further states that Mr. Cobb noticed some corrections to be made on the document before he left the office the next day to go to court. The corrections were made and the notice was placed in the "courthouse tray" to be picked up by a private courier. When the courier arrived at about 2:30 in the afternoon, it was noticed that the notice

of appeal had not been signed by Mr. Cobb. The courier told Mr. Cobb's staff that she would return later that afternoon to pick up the signed notice and deliver it to Court. Mr. Cobb's staff left the office at approximately 4:30 p.m., but the courier had not yet returned to pick up the notice of appeal.

The plaintiff contends that it was not abnormal for the courier to come by after 4:30 p.m., but before the office was closed. Plaintiff's counsel left the office at approximately 4:40 p.m. believing that the notice of appeal had been picked up. When the courier found the office closed and dark at some time after 4:40 p.m., she did not enter and, consequently, did not deliver the notice to the court on May 6, 1983. The notice of appeal and the pending motion were filed on Monday, May 9, 1983.

The Fifth Circuit Court of Appeals has stated in *Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061 (5th Cir.1979) that "the 'excusable neglect' standard of that Rule [Fed.R.App.P. 4(a)(5)] is intended to be a 'strict one.' Stern, *Changes in the Federal Appellate Rules,* 41 F.R.D. 297, 298–99 (1967)." In *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 411 (1st Cir.1976), quoted by the Fifth Circuit in *Chipser,* supra, the First Circuit Court of Appeals said:

> Excusable neglect calls for "circumstances that are unique or extraordinary." [Citations omitted] If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless.

In other words, the appellate courts have held that the excusable neglect standard means nothing if every act of neglect by an attorney is determined to be excusable.

The facts of this case do not show "unique or extraordinary circumstances." Clerical errors on the part of an attorney or his staff have not been found to be excusable neglect. See *Oregon v. Champion International Corp.,* 680 F.2d 1300 (9th Cir. 1982); *Sprout v. Farmers Insurance Exchange,* 681 F.2d 587 (9th Cir.1982); *U.S. v. Virginia,* 508 F.Supp. 187 (E.D.Va.1981).

The plaintiff admits that the notice was not signed until late on the afternoon that it was to be filed. When the office staff left at 4:30 p.m., the courier had still not arrived. The Court takes judicial notice of the fact that, while the Clerk of Court's office locks its doors at 5:00 p.m., the Clerk of Court is required to receive court papers at any time. Plaintiff's counsel simply did not prepare the notice in time to assure its delivery and the notice of appeal was not timely filed with the Court. See *Sprout v. Farmers Insurance Exchange,* supra. While the facts show that there were unfortunate circumstances surrounding the failure to timely file the notice of appeal, such unfortunate circumstances do not come within the meaning of "*excusable* neglect" as interpreted by the courts. The plaintiff had 30 days to file the notice of appeal. Counsel chose to wait until the last day to file the notice. Such actions cannot be said to be excusable neglect.

The plaintiff seeks to rely on several cases which have found excusable neglect where counsel relied on the U.S. Postal Service to deliver a notice timely. These cases are not applicable under the facts of this case. Not only was the mail not used, but the notice was never given to the private courier by the plaintiff to be delivered to the court. The Court knows that Mr. Cobb is a very competent attorney. The Court has carefully reviewed the record to find some excusable neglect. However, the facts presented herein simply do not show "excusable neglect" as intended in Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Therefore, the plaintiff's motion for an extension of time in which to file a notice of appeal must be denied.

IT IS ORDERED that the plaintiff's motion for an extension of time for filing a notice of appeal be and it is hereby DENIED.