709 F.2d 1468
 UNITED STATES of America, Plaintiff-Appellant,
v.
ONE REMINGTON 12 GAUGE SHOTGUN, SERIAL NO. 322336V, WITH A
BARREL LENGTH OF 13 INCHES AND AN OVERALL LENGTH
OF 24 3/4 INCHES, Defendant-Appellee,
Marvin Clark Bell, Claimant-Appellee.
 No. 82-8546.
 United States Court of Appeals,
Eleventh Circuit.
 July 22, 1983.
 
 Barbara V. Tinsley, Stephen S. Cowen, Asst. U.S. Attys., Atlanta, Ga., Larry L. Nickell, ATF, Washington, D.C., for plaintiff-appellant.
 David W. Porter, David A. Rabin, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before TJOFLAT, FAY and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This forfeiture action was brought by the United States pursuant to 26 U.S.C. Sec. 5782. Claimant Bell moved for summary judgment as did the government. On January 19, 1982, the trial court entered an Order outlining the issues involved and its reasons for granting the summary judgment requested by Bell and denying that requested by the government. Judgment was duly entered on January 19, 1982.
 
 
 2
 On March 5, 1982, the government filed what it called a "Motion for Relief from Judgment and for Reconsideration" alleging that it was pursuant to Federal Rule of Civil Procedure 60(b). The argument by the government centered on its contention that the trial court had misinterpreted the statutes involved. Clearly the motion was one covered by the provisions of Federal Rule of Civil Procedure 59. Under Rule 59(e) such a motion must be filed "not later than 10 days after entry of the judgment."
 
 
 3
 On June 25, 1982, the trial court entered another Order discussing the government's request for reconsideration and reaffirming its earlier interpretations of the statutes. In the last paragraph thereof the trial court granted the request for reconsideration, vacated the judgment of January 19, 1982, granted Bell's motion for summary judgment, denied the government's motion for summary judgment and directed that a new judgment be entered accordingly. This was done. Because the government's motion was untimely and this action was taken more than 10 days after judgment, the trial court was without jurisdiction. F.R.Civ.P. 59(d).
 
 
 4
 On July 21, 1982, the government filed another untimely request for reconsideration from the void Order of June 25. Without waiting for a ruling, the government filed its first and only notice of appeal on August 20, 1982.
 
 
 5
 Rule 4(a), Federal Rules of Appellate Procedure, requires a notice of appeal to be filed with the clerk of the district court within 60 days of judgment when the United States is a party. The filing of a timely notice of appeal is absolutely essential to give this court jurisdiction. Reynolds v. Hunt Oil Co., 643 F.2d 1042 (5th Cir.1981).
 
 
 6
 Because the first post trial motion was untimely and the period of time afforded a trial court to rule sua sponte had expired and since no timely request for an extension of time to appeal was made, the notice of appeal fails to meet the requirements of F.R.App.P. 4(a). The appeal is DISMISSED for lack of jurisdiction.