Lorin ANDRE, Petitioner–Appellant,

v.

William J. GUSTE, Jr., Attorney General, State of Louisiana, et al., Respondents–Appellees.

No. 87–3620

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 28, 1988.

John H. Brooks, Gretna, La., for petitioner-appellant.

John J. Molaison, Jr., Dorothy A. Pendergast, Terry M. Boudreaux, Asst. Dist. Attys., Gretna, La., for respondents-appellees.

Before GEE, GARWOOD and JONES, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Lorin Andre (Andre) appeals the district court's dismissal of his petition for a writ of habeas corpus challenging his 1981 Louisiana second degree murder conviction. We affirm.

### Facts and Proceedings Below

From February 4 to February 6, 1981, Andre was tried before a jury in Louisiana state court for the offense of second degree murder. On February 6, 1981, after the jury retired to deliberate, but before it returned a verdict, members of the murder victim's family approached the prosecuting attorney about representing them in a civil suit against Andre. In response to this inquiry, which was the first time such an approach had been made in this case, the prosecutor stated that he was unable to discuss representing them at that time. Later that same evening, the jury returned a verdict of guilty as charged. After the verdict had been returned, but before Andre had been sentenced, the prosecutor met with and agreed to represent the family members who had approached him, and on March 4, 1981, he filed a civil suit on their

behalf. On April 6, 1981, Andre appeared in court and was sentenced to life imprisonment. This sentence was mandatory for the offense of which Andre was convicted. La.Rev.Stat.Ann. § 14:30.1. Andre subsequently filed a notice of appeal. On October 21, 1981, Andre filed a motion for new trial alleging error in the proceedings below on the ground that the prosecutor had a pecuniary interest in the trial's outcome. On January 18, 1982, the state trial court denied this motion. After receiving additional evidence, the court found that the hiring had occurred after the case was submitted to the jury and after the verdict had been returned. In its view, these facts distinguished Andre's case from the cases that he cited in which the conflicts arose *before* the prosecution actually took place. *See Ganger v. Peyton,* 379 F.2d 709 (4th Cir.1967); *State v. Tate,* 185 La. 1006, 171 So. 108 (1936). On May 25, 1983, the Louisiana Supreme Court affirmed Andre's conviction and sentence without formal opinion. *State v. Andre,* 433 So.2d 731 (La. 1983).

On November 18, 1984, Andre filed his first petition for federal habeas relief. He was represented by counsel in that connection. In that petition, Andre raised the same issue that he had previously raised in his state court motion for new trial. On October 9, 1985, the district court dismissed that petition. Andre did not appeal the dismissal. On February 24, 1987, Andre filed a second petition for federal habeas relief raising the same issue that had been raised in the first petition. On February 27, 1987, the clerk, pursuant to the district court's direction, sent Andre an official Rule 9 form, which is appended to Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Andre completed this form and returned it to the district court on April 17, 1987. In the form, Andre set forth no new facts and alleged no intervening change in the law. Instead, he stated the following:

> "This matter was presented to the District Court and decided against petitioner. At that time, counsel dictated a Petition, had it typed and signed it. At that

point, due to error of petitioner's counsel or the U.S. Mails or the Clerk of Court's office, it disappeared from view and there is no record of it having been filed in the Fifth Circuit. When counsel learned that this had happened, and approached the Clerk's Office of the Fifth Circuit with a new copy of the Appeal, he was informed because of the delay he would have to file again in the District Court. This application was filed in response to that advice."

The state's opposition to Andre's second petition requested its dismissal under Rule 9(b) as a successive petition. The district court referred this matter to a magistrate, who on April 24, 1987, recommended that Andre's second petition be dismissed pursuant to Rule 9(b). The district court adopted the magistrate's findings and recommendation and dismissed Andre's second petition for federal habeas relief. Andre filed a timely notice of appeal. However, the district court denied a Certificate of Probable Cause (CPC), *see* Fed.R.App.P. 22(b), because Andre had asserted only the same ground that he had asserted before and relief had previously been denied on the merits. The district court also noted that Andre had not appealed the first denial of federal habeas relief. This Court subsequently granted a CPC, directing the parties to brief the issue of the effect of the failure to appeal the first petition on Rule 9(b). We proceed to consider this issue.

### Discussion

■ The principles governing summary disposition of habeas corpus petitions on Rule 9(b) grounds are well-established in this Circuit. Once abuse of the writ or repetitiveness has been pleaded by the state or raised by the district court *sua sponte,* the petitioner must answer that allegation and must establish by a preponderance of the evidence that he has not abused the writ or otherwise violated Rule 9(b). *See, e.g., Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.1985); *Jones v. Estelle,* 722 F.2d 159, 164 (5th Cir.1983) (en banc), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). However, the

fact that a petitioner must establish that he has not abused the writ or otherwise violated Rule 9(b) does not in all instances require that the district court furnish him an evidentiary hearing. The petitioner must be notified that dismissal may be ordered unless the petitioner submits a response explaining why a repetitive petition should be reconsidered or why any new grounds were not raised in a prior petition. *See Matthews v. Butler,* 833 F.2d 1165, 1170 (5th Cir.1987); *Jones v. Estelle,* 692 F.2d 380, 384–85 (5th Cir.1982). The model form appended to Rule 9 is sufficient for these purposes. *See Matthews,* 833 F.2d at 1170; *Urdy v. McCotter,* 773 F.2d 652, 656 (5th Cir.1985); *Daniels,* 763 F.2d at 707; *Jones,* 692 F.2d at 384–85. If the response contained in that form alleges no adequate justification for a successive petition, then the district court may dismiss the case without an evidentiary hearing. *See Daniels,* 763 F.2d at 707.[1] Assuming the appropriate procedures have been followed, whether a district court has acted properly in dismissing a successive petition subject to dismissal under Rule 9(b) is reviewable only for abuse of discretion. *See id.* at 708.

■ In his attempt to justify his second federal habeas petition, Andre does not raise any new claims, nor does he allege that new facts have arisen since his first petition or that the law has changed in some substantive manner in the interim, factors that have traditionally justified successive petitions. *See Rudolph v. Blackburn,* 750 F.2d 302, 305 (5th Cir.1984); *Jones,* 722 F.2d at 169. Rather, Andre simply suggests that he should be allowed

to maintain the present action because he was unable to appeal his prior petition's dismissal.[2] We hold that this reason is insufficient to prevent the district court from determining that Andre's second petition should be dismissed as repetitive pursuant to Rule 9(b).[3]

■ Fed.R.App.P. 4(a)(1) provides in pertinent part:

"In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted."

In addition, the time limits specified above may be extended for up to thirty days "upon a showing of excusable neglect or good cause." Fed.R.App.P. 4(a)(5). Although Rule 4(a) is not jurisdictional in the subject matter jurisdiction sense, *see Mann v. Lynaugh,* 840 F.2d 1194, 1197 (5th Cir. 1988); *Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521, 522 n. 1 (5th Cir.1980), it is nonetheless mandatory and a necessary prerequisite for appellate review. *See Mann,* 840 F.2d at 1197; *Sanchez,* 625 F.2d at 522 n. 1.

---

1. Of course, if, on the other hand, the response shows that there exists a genuine issue of material fact, then summary disposition is inappropriate and an evidentiary hearing must be held. *See Daniels,* 763 F.2d at 707–08; *Jones,* 692 F.2d at 385.

2. As noted above, in the Rule 9 form that Andre completed, Andre suggests that he wanted to appeal that first dismissal, but was unable to do so due to error committed by either his own counsel, the Fifth Circuit, or the United States Postal Service.

3. We further note that the claim raised by Andre, even if it were of constitutional dimensions,

"does not itself raise any question as to his guilt or innocence." *See Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 2628, 91 L.Ed.2d 364 (1986); *McDonald v. Blackburn,* 806 F.2d 613, 621–22 & n. 9 (5th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2465, 95 L.Ed.2d 874 (1987). In addition to prior consideration by the federal district court in a proceeding where he was represented by counsel, Andre also had previously had an evidentiary hearing with counsel (and discovery) on this issue in the state trial court and an appeal with counsel to the Louisiana Supreme Court.

In the present case, there is no dispute that Andre failed to timely appeal the dismissal of his first petition. Andre apparently believes that by simply filing a second, identical petition he can obtain review of the issue raised in his first petition. We cannot agree. If we were to hold that, despite Andre's failure to timely appeal the dismissal of his first petition, Andre could obtain an out-of-time appeal by the simple expedient of refiling his first petition, that would be tantamount to doing away with the clear requirements of Rule 4 for an entire class of litigation. *Cf. Briggs v. Lucas,* 678 F.2d 612, 613 (5th Cir.1982). Even if in some hypothetical, extraordinary circumstance the interests of justice might otherwise require, nevertheless this is surely not such a case. *See* note 3, *supra.* Consequently, because Andre offers no other reason for preventing a Rule 9(b) dismissal of his second petition, we conclude that the district court did not abuse its discretion in dismissing the petition as repetitive under Rule 9(b).

### Conclusion

For the reasons stated above, we affirm the district court's judgment dismissing Andre's habeas corpus petition pursuant to Rule 9(b).

AFFIRMED.