43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie Lee CURTIS, Petitioner-Appellant,
v.
UNITED STATES, Respondent-Appellee.
 Nos. 94-5526, 94-5550, 94-5565.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Ronnie Lee Curtis, proceeding pro se, appeals three separate district court judgments denying his three motions to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, a jury convicted Curtis of four counts of mail fraud, in violation of 18 U.S.C. Sec. 1341, and he was sentenced to four years of imprisonment. Curtis appealed, but then voluntarily dismissed that appeal. In 1984, Curtis pleaded nolo contendere to charges of arson and mail fraud, in violation of 18 U.S.C. Secs. 844 and 1341, and was sentenced to four years of imprisonment, to be served consecutively to his sentence for his 1983 conviction. Finally, in 1987, a jury convicted Curtis of ten counts of mail fraud and one count of conspiracy to suborn perjury, in violation of 18 U.S.C. Secs. 1341, 371 and 1622, and was sentenced to five years of imprisonment, to be served consecutively to any other federal sentence he was then serving. This court affirmed Curtis's conviction. United States v. Curtis, No. 87-6217 (6th Cir. April 14, 1989). The Supreme Court denied Curtis's petition for certiorari.
 
 
 3
 Thereafter, Curtis deluged the district court with post-judgment motions. As for his 1983 convictions, Curtis filed several motions, including a motion to alter the assignment of the parole/probation office from Owensboro to Louisville, essentially arguing that two probation officers intentionally included false information in his presentence report, resulting in his improper confinement. The district court construed this document as a motion to vacate pursuant to 28 U.S.C. Sec. 2255, and denied it as without merit. Thereafter, Curtis filed his current motion to vacate again challenging his 1983 convictions, arguing that: 1) he has discovered new evidence of his innocence; 2) a parole officer falsely accused him of having sex with his own daughter; 3) the parole officer included in Curtis's presentence investigation report a false conviction for drunken driving; and 4) he received ineffective assistance of counsel. The district court summarily denied the motion as without merit.
 
 
 4
 Curtis also filed several motions challenging his 1984 convictions, including a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255, arguing that: 1) the prosecutor knowingly used perjured testimony from agents of the Bureau of Alcohol, Tobacco and Firearms (ATF); 2) his presentence report contained erroneous information; 3) the judge was involved in the pre-plea arrangement; and 4) the prosecution made false promises to obtain his plea. The district court summarily denied the motion as without merit. Thereafter, the district court denied Curtis's letter/motion to set aside or vacate his sentence, which essentially raised the same arguments presented in his earlier motion. In his current Sec. 2255 motion challenging his 1984 convictions, Curtis argues that he has discovered new evidence that the ATF agent perjured himself and that the agent obstructed justice. The district court summarily denied the motion as without merit.
 
 
 5
 Finally, Curtis filed several motions challenging his 1987 convictions, including a letter/motion to set aside or vacate his convictions pursuant to 28 U.S.C. Sec. 2255, arguing that he has been convicted based on false testimony. The district court summarily denied the motion as without merit. In his current motion challenging his 1987 convictions, Curtis essentially raises the same claim. The district court summarily denied the motion as without merit.
 
 
 6
 Curtis has filed timely appeals, reasserting his same claims. He also filed motions for an emergency hearing, for the appointment of counsel, and a motion to have his presentence investigation report included in the record.
 
 
 7
 Upon review, we affirm the district court's judgments because Curtis has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Curtis's current motions to vacate were properly dismissed in part because each presented grounds that had already been decided against him on the merits. Hence, the motions were properly dismissed as successive. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Further, as Curtis has not made a colorable showing of factual innocence, the ends of justice do not require that we review the claims again. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 8
 To the extent Curtis has presented new theories which remove the cases from the scope of Sanders, the motions were still properly dismissed as an abuse of the writ under the second clause of Rule 9(b), Rules Governing Section 2255 Proceedings, because he sought review of claims that he could have raised at earlier opportunities, but for his inexcusable neglect to do so. See United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); Andiarena v. United States, 967 F.2d 715, 717-18 n. 4 (1st Cir.1992) (per curiam); cf. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991). Moreover, Curtis has not met his burden of establishing cause and prejudice to excuse his default. See Andre v. Guste, 850 F.2d 259, 261-62 (5th Cir.1988).
 
 
 9
 Accordingly, we hereby deny the motions seeking an emergency hearing, the appointment of counsel, and the inclusion of the presentence investigation report in the record, and affirm the district court's judgments. Rule 9(b)(3), Rules of the Sixth Circuit.