70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lindell FOSTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1357.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; DAUGHTREY and OAKES,* Circuit Judges.
 
 ORDER
 
 2
 Lindell Foster, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Foster pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). A panel of this court affirmed Foster's conviction and sentence on appeal. Thereafter, Foster filed a motion to vacate his sentence, arguing that the district court should correct his sentence to run concurrent to his undischarged term of state imprisonment pursuant to USSG Sec. 5G1.3. The district court denied the motion as without merit.
 
 
 4
 In his second and current motion, Foster reasserts his argument that the district court should correct his sentence pursuant to USSG Sec. 5G1.3. He also argues that his trial counsel rendered ineffective assistance because he did not file a post-conviction motion challenging his sentence for being consecutive. The district court denied the motion as successive. Foster has filed a timely appeal.
 
 
 5
 Upon review, we affirm the district court's judgment because the record does not reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Foster's current motion to vacate was properly dismissed in part because his first ground for relief had already been decided against him on the merits. Hence, the motion was properly dismissed as successive. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Because Foster has not made a colorable showing of factual innocence, the ends of justice do not require that we review the claim again. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 6
 Foster's motion also constitutes, in part, an abuse of the writ under the second clause of Rule 9(b), Rules Governing Section 2255 Proceedings, because he sought review of a claim that he could have raised at an earlier opportunity, but for his inexcusable neglect to do so. See United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); Andiarena v. United States, 967 F.2d 715, 717-18 n. 4 (1st Cir.1992) (per curiam); cf. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991). Moreover, Foster has not met his burden of establishing cause and prejudice to excuse his default. See Andre v. Guste, 850 F.2d 259, 261-62 (5th Cir.1988).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation