76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Lee CURTIS, Defendant-Appellant.
 No. 95-5922.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1996.
 
 Before: MARTIN, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Ronnie Lee Curtis, proceeding pro se, appeals a district court judgment denying his motion styled as a motion for a new trial pursuant to Fed.R.Crim.P. 33. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, Curtis pleaded nolo contendere to charges of arson and mail fraud in violation of 18 U.S.C. §§ 844 and 1341, and was sentenced to four years of imprisonment. This court affirmed Curtis's conviction. United States v. Curtis, No. 87-6217 (6th Cir. Apr. 14, 1989). The Supreme Court denied Curtis's petition for certiorari.
 
 
 3
 Thereafter, Curtis deluged the district court with post-judgment motions. Curtis filed several motions challenging his 1984 convictions, including a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that: 1) the prosecutor knowingly used perjured testimony from agents of the Bureau of Alcohol, Tobacco and Firearms (ATF); 2) his presentence report contained erroneous information; 3) the judge was involved in the pre-plea agreement; and 4) the prosecution made false promises to obtain his plea. The district court summarily denied the motion as without merit. The district court denied another letter/motion to set aside or vacate his sentence, which essentially raised the same arguments presented in his earlier motion. Curtis filed a third § 2255 motion, challenging his 1984 convictions, arguing that he had discovered new evidence that the ATF agent perjured himself and that the agent obstructed justice. The district court summarily denied the motion as without merit.
 
 
 4
 In his current motion, Curtis again argued that he has discovered new evidence that ATF agents had conspired to perjure themselves during his trial. He also argued that he has discovered new evidence establishing where certain items from his department store had been stolen and to whom they had been sold prior to the arson. Upon review, the district court summarily denied this motion as without merit.
 
 
 5
 Curtis has filed a timely appeal, reasserting his same arguments. Curtis has also filed a motion for the appointment of counsel.
 
 
 6
 Upon review, we conclude that the district court properly denied Curtis's motion to the extent that he sought a new trial pursuant to Fed.R.Crim.P. 33. See United States v. L.E.Cooke Co., 991 F.2d 336, 343 (6th Cir.1993). Rule 33 requires that the evidence itself, not merely the legal implications of the evidence, be newly discovered. United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). Curtis argues that a review of the record establishes that the agents perjured themselves. In support, he cites alleged inconsistencies in the agents' trial testimony. These "inconsistencies" do not constitute new evidence since they could have been addressed during trial. Furthermore, Curtis has not identified the alleged evidence regarding the items stolen from his store, and to whom they had been sold prior to the arson. Even if such evidence exists, Curtis has not established that the new evidence is material or would likely produce an acquittal if the case were retried.
 
 
 7
 To the extent Curtis sought to vacate his sentence, the district court properly denied his motion, in part, because his first ground for relief had already been decided against him on the merits. Hence, the motion was properly dismissed as successive. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Because Curtis has not made a colorable showing of factual innocence, the ends of justice do not require that we review the claim again. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 8
 Curtis's motion also constitutes, in part, an abuse of the writ under the second clause of Rule 9(b) of the Rules Governing Section 2255 Proceedings, because he sought review of a claim that he could have raised at an earlier opportunity, but for his inexcusable neglect to do so. See United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); Andiarena v. United States, 967 F.2d 715, 717-18 n. 4 (1st Cir.1992) (per curiam); cf. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991) (court addressed abuse of the writ for petition under 28 U.S.C. § 2254). Moreover, Curtis has not met his burden of establishing cause and prejudice to excuse his default. See Andre v. Guste, 850 F.2d 259, 261-62 (5th Cir.1988).
 
 
 9
 Accordingly, we hereby deny the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.