76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benny Michael BROWN, Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
 No. 95-5668.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: ENGEL and MILBURN, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Benny Michael Brown, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Brown pleaded guilty to conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Brown appealed his original sentence, and this court remanded the case for a determination of the quantity of methamphetamine involved in the offense. At his resentencing, Brown also argued that the district court had erroneously sentenced him for possession of Dextro(D)-methamphetamine as opposed to Levo(L)-methamphetamine. The district court concluded that this issue was beyond the scope of this court's remand order and declined to address the matter. The district court upheld the original finding regarding the quantity of methamphetamine. Brown appealed and this court affirmed his sentence. While that appeal was pending, Brown filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that: 1) he entered his plea unknowingly and involuntarily; 2) the district court violated his right to due process; and 3) the prosecutor engaged in misconduct. The district court denied the motion as without merit, and this court affirmed.
 
 
 4
 In his current motion to vacate, Brown argues that the district court erred when it sentenced him for possession of D-methamphetamine. The district court denied the motion as an abuse of the writ.
 
 
 5
 Brown has filed a timely appeal, arguing that: 1) the district court erroneously concluded that he should have raised his current argument in his first § 2255 motion; 2) the government did not meet its burden of showing that he possessed D-methamphetamine; and 3) the district court should have applied the rule of lenity to his case.
 
 
 6
 Upon review, we conclude that the district court properly denied Brown's motion to vacate his sentence. In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Brown is barred from seeking relief on his claim for several reasons. Brown's current claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Brown must demonstrate cause and prejudice to excuse his failure to raise his claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity also constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 8
 In addition, Brown's motion constitutes an abuse of the writ under the second clause of Rule 9(b), Rules Governing Section 2255 Proceedings, because he sought review of a claim that he could have presented at an earlier opportunity, but for his inexcusable neglect to do so. See United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); Andiarena v. United States, 967 F.2d 715, 717-18 n. 4 (1st Cir.1992) (per curiam); cf. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991) (court addressed abuse of the writ for petition under 28 U.S.C. § 2254). Moreover, Brown has not met his burden of establishing cause and prejudice to excuse his default. See Andre v. Guste, 850 F.2d 259, 261-62 (5th Cir.1988).
 
 
 9
 Absent a showing of cause and prejudice, we may still review an abusive claim in order to prevent a fundamental miscarriage of justice if the petitioner submits new and reliable evidence showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent. McCleskey, 499 U.S. at 494. Brown has not shown a fundamental miscarriage of justice. Brown does not allege that he is actually innocent of conspiring to manufacture methamphetamine; rather, he merely challenges the type of methamphetamine involved in the case. The record likewise contains sufficient circumstantial evidence showing that Brown conspired to manufacture D-methamphetamine. See United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir.1995). Because Brown had a "weakness" for methamphetamine, and because only D-methamphetamine provides the high desired by drug users, see United States v. Bogusz, 43 F.3d 82, 89 (3d Cir.1994), cert. denied, 115 S.Ct. 1812 (1995), there was sufficient circumstantial evidence to establish that he conspired to manufacture D-methamphetamine and that he had received some of the D-methamphetamine produced by the conspirators.
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation