81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl Edward LOCKHART, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5575.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: LIVELY, MARTIN and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Carl Edward Lockhart, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, a jury found Lockhart guilty of armed bank robbery in violation of 18 U.S.C. § 2113, using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1), possessing a firearm in interstate commerce after having been convicted of three prior felonies in violation of 18 U.S.C. § 924(e)(1), and disposing of stolen United States currency in violation of 18 U.S.C. § 2113(c). He was sentenced to 45 years of imprisonment. A panel of this court affirmed Lockhart's convictions and sentences on appeal. United States v. Lockhart, Case No. 88-5338 (6th Cir. Jan. 13, 1989) (per curiam).
 
 
 3
 Lockhart filed his first motion to vacate his sentence, arguing that: 1) counsel rendered ineffective assistance; 2) the government presented unconstitutional evidence in support of his conviction for knowingly possessing a firearm in interstate commerce; 3) his convictions constitute a violation of the Double Jeopardy Clause; and 4) the judge was biased against him. A magistrate judge filed a report recommending that the district court deny the motion as without merit. Lockhart did not file any objections, and the district court denied the motion. Thereafter, Lockhart voluntarily withdrew a second motion to vacate his sentence.
 
 
 4
 In his current motion, Lockhart argued that: 1) the district court did not have authority to indict him under 18 U.S.C. § 924(e)(1); 2) the government violated his right to a fair trial; and 3) the prosecution engaged in misconduct. A magistrate judge filed a report recommending that the district court deny the motion as an abuse of the writ. Over Lockhart's objections, the district court denied the motion.
 
 
 5
 Lockhart has filed a timely appeal, essentially reasserting his same arguments.
 
 
 6
 Upon review, we conclude that the district court properly denied Lockhart's motion to vacate his sentence. In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Lockhart's current motion to vacate was properly dismissed as an abuse of the writ under the second clause of Rule 9(b), Rules Governing Section 2255 Proceedings, because he sought review of claims that he could have raised at an earlier opportunity, but for his inexcusable neglect to do so. See United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); Andiarena v. United States, 967 F.2d 715, 717-18 n. 4 (1st Cir.1992) (per curiam); cf. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991) (court addressed abuse of the writ for petition under 28 U.S.C. § 2254). Moreover, Lockhart has not met his burden of establishing cause and prejudice to excuse his default. See Andre v. Guste, 850 F.2d 259, 261-62 (5th Cir.1988). Further, as Lockhart has not made a colorable showing of factual innocence, the ends of justice do not require that we review his claims. McCleskey, 499 U.S. at 494.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.