881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRISTOPHER RAY GAHAGAN, Petitioner-Appellant,
v.
BILLY COMPTON, Warden, Respondent-Appellee.
 No. 88-5273.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1989.
 
 1
 BEFORE: ENGEL, Chief Judge; BOGGS, Circuit Judge; and GIBSON, District Judge.*
 
 
 2
 On Appeal from the United States District Court for the Western District of Tennessee
 
 
 3
 GIBSON, District Judge. Petitioner Christopher Ray Gahagan appeals the District Court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. For the reasons stated below, the Court affirms the decision of the District Court.
 
 
 4
 * Gahagan was convicted of second degree murder and use of a firearm in the commission of a felony by a Shelby County, Tennessee jury on December 1, 1977. Gahagan received consecutive sentences of 45 and 5 years. Gahagan appealed his convictions to the Court of Criminal Appeals of Tennessee, which affirmed the murder conviction but remanded the case for sentence modification. Gahagan then unsuccessfully petitioned the Supreme Court of Tennessee. Subsequently, Gahagan has unsuccessfully filed five petitions for post-conviction relief in state court and six petitions for writs of habeas corpus under 28 U.S.C. Sec. 2254 in federal court.
 
 
 5
 Gahagan appeals the dismissal of the present habeas corpus petition, filed on June 17, 1987, raising the following five claims: (1) that there was insufficient evidence to support his conviction for second degree murder; (2) that the prosecutor made constitutionally improper remarks in his closing argument; (3) that he was not legally responsible for his actions at the time of the alleged crime; (4) that he was incompetent to stand trial; and (5) that the jury instructions improperly shifted the burden of proof on the issue of malice.
 
 
 6
 On December 23, 1987, the magistrate issued his report, recommending that the writ should be dismissed. The magistrate concluded that under Rule 9(b) of the Rules Governing Section 2254 Cases, claims (1), (2), and (5) constituted "successive" claims and that claims (3) and (4) constituted an "abuse of the writ." Gahagan filed objections. On January 27, 1988, the District court reviewed the magistrate's report de novo, then denied the writ and dismissed Gahagan's petition. Judgment was entered consistent with the District Court's order on February 9, 1988. Gahagan now appeals.
 
 II
 
 7
 Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides as follows:
 
 Rule 9. Delayed or Successive Petitions
 
 8
 ....
 
 
 9
 (b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 10
 Thus, in essence Rule 9(b) provides that any ground already fully considered during a previous habeas proceeding is barred from further consideration. Sanders v. United States, 373 U.S. 1, 9 (1963). This rule applies "only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Id. at 15. The underlying purpose of this rule is to avoid "piecemeal litigation, with petitioners advancing claims one at a time." Rudolph v. Blackburn, 750 F.2d 302, 305 (5th Cir.1984).
 
 
 11
 Once the respondent raises with particularity an abuse of the writ or successive petition issue, the petitioner assumes the burden of proving by a preponderance of the evidence that the state's allegations are without merit. Urdy v. McCotter, 773 F.2d 652, 655-56 (5th Cir.1985). An abuse of discretion standard is used to review a district court's dismissal of a habeas corpus petition as successive or abusive. Leroy v. Marshall, 757 F.2d 94, 97 (6th Cir.), cert. denied, 474 U.S. 831 (1985).
 
 III
 
 12
 The District Court dismissed as successive petitions Gahagan's claims that the evidence was insufficient to support his conviction, especially on the element of "malice", and that the prosecutor violated his due process rights by asserting without a factual basis in his closing argument that Gahagan was a "sociopath." Upon review of the record and for the reasons stated by the District Court, the Court finds that these claims were addressed on the merits in previous habeas petitions and that there is no evidence that such decisions were incorrect. Thus, the Court finds that the dismissal of these claims was not an abuse of discretion.
 
 
 13
 Further, the District Court dismissed as an abuse of the writ Gahagan's claims that he was both highly intoxicated and under the effects of Post-Traumatic Stress Disorder ("PTSD") at the time of the crime so that he was rendered incapable of appreciating the wrongfulness of his acts or conforming them to the requirements of the law and that because of the effects of PTSD he was not able to assist counsel in his defense.
 
 
 14
 The magistrate initially noted that the state previously found in a post-conviction proceeding that Gahagan was fully aware of the pertinent facts supporting these claims as early as 1977. Further, the trial transcript contains a detailed description of the events surrounding the crime, thereby evincing that Gahagan in fact understood the nature of the proceedings. Thus, the magistrate found, and the District Court agreed, that Gahagan withheld these claims without legal excuse in earlier petitions, therefore abusing the writ by not bringing the claims earlier.
 
 
 15
 Again, after thoroughly reviewing the record, the Court concludes that for the reasons stated by the District Court, the dismissal of these claims was not an abuse of discretion.
 
 IV
 
 16
 Gahagan's final ground for habeas corpus relief concerns the jury instruction given by the state trial court judge on the issue of malice. The relevant instruction was as follows:
 
 
 17
 Where the use of a deadly weapon by the party killing, is shown, and the death is clearly shown in the proof to have resulted from its use by the slayer, the use of such weapon may be considered by the jury to establish that the killing was done maliciously; that is, with the malice required to support murder in the second degree. But where the death and its manner, and all the surrounding and accompanying circumstances, are shown in the proof, then malice is not presumed, but the jury are to determine from them whether or not it was present as an ingredient of the offense.
 
 
 18
 Malice cannot be inferred from the deadly intent merely, because the deadly intent may be justifiable under the law; as when one willfully kills another to save his own life, or to save himself from great bodily harm, and the danger is imminent and immediate; or when the intent to kill is produced by anger; for if it were sudden and upon reasonable provocation, the killing would not be murder, but manslaughter.[1]
 
 
 19
 Gahagan contends that this instruction allows for a presumption of malice if a weapon was used, thereby impermissibly shifting the burden of proof on a necessary element of first and second degree murder in violation of Sandstrom v. Montana, 442 U.S. 510 (1979) and Francis v. Franklin, 471 U.S. 307 (1985).
 
 
 20
 The magistrate herein recommended dismissal of this claim as a successive petition under Rule 9(b). The magistrate reasoned that in a previous habeas corpus petition the district court found that Gahagan had deliberately by-passed available state remedies. See Gahagan v. Harrison, No. 81-2755-W, slip op. (W.D.Tenn. Sept. 2, 1981). The magistrate therefore concluded that since no new or different grounds for relief were alleged and since a prior determination had been made on the merits, Gahagan was precluded from maintaining this claim in the presently pending petition. The District Court agreed with the magistrate's findings and characterization of this claim, thus denied the writ.
 
 
 21
 The Court finds that the magistrate's reasoning was not entirely correct since the district court in the previous habeas petition vacated its order upon receiving a motion for reconsideration, dismissing the petition without prejudice for lack of exhaustion of all claims as required under Rose v. Lundy, 455 U.S. 509 (1982). Further, there is no evidence that this issue has been considered on the merits in any other of petitioner's previous habeas corpus petitions.
 
 
 22
 However, it does appear that in fact petitioner did by-pass available state court procedures. In the proceedings addressing petitioner's fourth state court post-conviction petition, the Tennessee Court of Criminal Appeals found that Gahagan had waived the jury instruction issue since he did not raise it in his first post-conviction petition and since he did not appeal the denial of his second post-conviction in which the court specifically found the issue waived. See Gahagan v. Tennessee, No. 73, slip op. (Tenn.Crim.App. July 30, 1986). Apparently, Gahagan believed that such appeal would have been "futile." Gahagan's application to the Tennessee Supreme Court for appeal of his fourth post-conviction petition was denied.
 
 
 23
 Since the state court disposed of the jury instruction issue by procedural default rather than on the merits, a cause and prejudice analysis regarding the failure to raise the issue earlier is appropriate under Wainwright v. Sykes, 433 U.S. 72 (1977). See McBee v. Grant, 763 F.2d 811 (6th Cir.1985).
 
 
 24
 Gahagan contends that he has satisfied a cause and prejudice analysis, thus argues that remand to the District Court for a determination on the merits is appropriate. First, Gahagan argues that he has established cause. Gahagan claims that the Sandstrom argument was not raised in his first state court post-conviction petition since Sandstrom was decided after leave for direct appeal to the Tennessee Supreme Court had been denied and only three months before Gahagan's first post-conviction petition was filed. However, the fact that a Sandstrom error occurred before the Sandstrom decision was rendered is irrelevant to this analysis and is insufficient to establish cause. Cook v. Foltz, 814 F.2d 1109, 1111-12 (6th Cir.), cert. denied, 108 S.Ct. 119 (1987).
 
 
 25
 Next, Gahagan argues that he has established prejudice. Gahagan correctly points out that the state carries the burden of proving every element of a criminal offense beyond a reasonable doubt. A jury instruction which shifts the burden of proof to the accused is a violation of due process. Sandstrom v. Montana, 442 U.S. 510 (1979). Similarly, Gahagan argues that the instruction given in this case unconstitutionally shifted the burden of proof. However, such error does not mandate habeas corpus relief even if prejudice is shown without a showing of cause. Cook, 814 F.2d at 1112.
 
 
 26
 Nonetheless, the Court will examine petitioner's claim in order to ensure that a fundamental miscarriage of justice does not result.[2] In considering the merits of petitioner's claim, the issue raised is whether the Court "may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." Rose v. Clark, 478 U.S. 570, 582 (1986) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986)); Chapman v. California, 386 U.S. 18 (1967); Cook, 814 F.2d at 1112-13.
 
 
 27
 After a careful review of the entire record below, the Court finds that even if the jury instruction was constitutionally infirm, it did not affect the jury's deliberations, undermine the role of the jury in finding petitioner guilty of each element of the crime beyond a reasonable doubt, or impair the trial's truth-seeking function. Thus, the Court concludes that the jury instruction given in this case was a harmless error.
 
 V
 
 28
 In conclusion, the Court holds that Gahagan's petition for habeas corpus was properly dismissed. Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 The Court recognizes that a legitimate dispute may exist as to whether the given instruction sets forth a presumption in violation of Sandstrom. However, for purposes of this appeal the Court will assume that the instruction did shift the burden of proof, thereby creating an impermissible presumption
 
 
 [2]
 Respondent argues that Gahagan did not raise his cause and prejudice argument in the District Court, thus cannot raise it on appeal. See United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1986). However, although generally the appellate court refuses to consider issues not raised in the lower court, it is within the appellate court's discretion whether to address an issue when an "injustice might otherwise result." Id